# CHARLESTON.

## TETER *v.* W. VA. CENT. & PA. R'D CO.

Submitted September 5, 1891.—Decided December 12, 1891.

1. ANSWER—CORPORATION—PARTIES—DISCOVERY.

The answer of a corporation should be signed by the president, with the seal of the corporation affixed. It is not necessary that it should be sworn to. If the plaintiff desires to have a sworn answer under the provisions of section 38 of chapter 125 of the Code, or otherwise, he should make some officers, members or agents of the corporation, within whose knowledge the facts are supposed to be, co-defendants in his bill, and require from them a discovery under oath.

2. EMINENT DOMAIN—COMPENSATION.

Section 9, of the Bill of Rights which is a part of the Constitution of this State, and which is intended to protect private property from being taken for public use without compensation to the owner, applies as well to the taking of material, such as stone, gravel, *etc.*, for the purpose of constructing a work of internal improvement, as to the taking of the land itself upon which such material may be situated, and such material can not be taken by an internal improvement company until compensation is paid or secured to the owner.

3. EMINENT DOMAIN—COMPENSATION.

The said clause of the Constitution prescribing the conditions for the exercise of the right of eminent domain, protects private property in personalty as fully as in real estate; *neither* can be taken against the owner's consent until payment is first made or secured.

*Dayton & Dayton* and *C. F. Teter* and *W. L. Kee* for plaintiff in error, cited Code, c. 42; Id. c. 52, s. 14; Id. c. 54, s. 49; 24 W. Va. 698; 20 W. Va. 175; 2 Wood R'y Law 794; 113 Ind. 233; 25 Gratt. 825; Kerr Inj. 199; High Inj. § 350; 7 Johns Ch'y 315; 76 Va. 777; 6 W. Va. 504; 9 W. Va. 218; 15 W. Va. 399; 17 W. Va. 396; 23 W. Va. 406; 13 Gratt. 40; 30 W. Va. 606.

*L. D. Strader* and *C. W. Dailey* for defendant in error, cited 30 W. Va. 606; Code c. 125, s. 38; 23 W. Va. 406.

Lucas, President :

A bill was filed in the Circuit Court of Randolph county, by the complainants, who are the appellants in this Court, against the West Virginia Central & Pittsburgh Railway Company, who are the appellees in this Court, praying for an injunction restraining the appellees from entering upon the land of the complainants for the purpose of quarrying, splitting out and removing valuable stone as material with which to construct a bridge across the Valley River along the line of the railway.

The injunction was granted as prayed for, restraining the company, not only from further trespassing, in quarrying and splitting out stone, but also from removing those already split out and lying on the surface. The appellees tendered an answer at a special term of the court held apparently for the purpose of considering a motion to dissolve the injunction. Some affidavits were also prepared by the defendants in support of their answer, and plaintiffs also filed one counter affidavit. The plaintiffs objected to the filing of the answer because the same was not sealed with the corporate seal, nor signed by the president, nor verified by a proper affidavit.

On the 13th of June, 1891, the court at its special term heard the motion to dissolve the injunction, and modified the same so far as it prohibited the defendant "from removing stone already split by the defendant in sizes suitable for building and abutment purposes, upon the ground that the same was improvidently awarded.

The court expressly declined to consider either the answer or the affidavits, and sustained the exceptions to the filing of the answer.

The answer of a corporation should be signed by the president with the seal of the corporation affixed. Neither is it necessary that the answer should be sworn to. "A corporation can not be sworn and therefore must put in its answer under its common seal only." If the plaintiff desires to have a sworn answer under the provisions of section 38, chapter 125 of the Code, or otherwise, he should make some officers, members, or agents of the corporation

within whose knowledge the facts are supposed to be, co-defendants in his bill and require from them a discovery under oath. *B. & O. R. R.* v. *Gallahue's Adm'r*, 12 Gratt. 655; *B. & O. R. R. Co.* v. *Wheeling*, 13 Gratt. 62; Story's Eq. Pl. § 235; 1 Bart. Ch'y 389; *Quarrier* v. *Peabody Insurance Co.*, 10 W. Va. 507.

The Code prescribes the mode of procedure for the taking of material to be used in the construction of its work by a railroad company. The material taken by the defendant in this case was stone, proposed to be used in the construction of its work. The charge was made in the bill that the plaintiffs owned the land from which the stone was being taken; that they had not sold the same, nor authorized the taking of it, *nor agreed upon a price.* The only issues which the answer of the company could raise upon such a bill were 1st: to deny the taking for purposes of construction; 2nd, that the plaintiff did not own, and had no interest in, the land; or 3rd, that the owners had consented to the taking, and *agreed upon the compensation.*

By looking at the answer in this case, it will be found that it admits ownership, admits also the entering upon the lands and taking therefrom stone to be used in constructing the company's work; and although it alleges permission, the same is not claimed from the *owner* of the land, nor is it averred that *any price has been agreed upon.* The Constitution provides that, "private property shall not be taken or damaged for public use without just compensation; nor shall the same be taken by any company incorporated for the purposes of internal improvement until just compensation shall have been paid or secured to be paid to the owner; and when private property shall be taken or damaged for public use or for the use of such corporations, the compensation to the owner shall be ascertained in such manner as may be prescribed by general law; *provided,* that when required by either parties, such compensation shall be ascertained by an impartial jury of twelve freeholders."

That this provision was intended to protect stone and other "material annexed to the free-hold, or detached therefrom," is sufficiently proved by the fact that the legislature

has provided all of the procedure for taking the same, by the exercise of eminent domain, which it has instituted for the taking of real estate. This is abundantly proved by section 14 of chapter 52 of the Code, in regard to corporations generally, and by the provisions of chapter 54, section 49, which are exclusively applicable to railway companies; that section is as follows:

"49: Every such corporation may, by its agents and employes, enter upon and take from any land adjacent to its road, wood, earth, gravel, shale, or stone, necessary to be used in constructing its railroad, and in repairing, altering or enlarging the same as provided in section 14 of chapter 52 of this Code, and all the provisions of said section shall be applicable to such proceeding. But if any such tenant, as is mentioned in said section, upon the report of the commissioners being returned to the Circuit Court, except thereto, and demand that the compensation to which he is entitled be fixed by a jury, the question shall be tried by a jury, as provided in section 17 of chapter 42 of this Code."

By referring to the sections in chapter 52 and chapter 42 which are here referred to, it will be found that the mode of taking material from lands adjoining a railway is fully provided for, and such material is placed by our Code under the full protection of the shield of the constitution. It is hardly necessary to add that such material can not be taken, without the owner's consent, until due compensation is paid or secured by the company; nor does it make a particle of difference whether the same is still attached to the land or has been detached therefrom by the agents of the company; neither the constitution nor the statute recognizes any such distinction.

The action of the Circuit Court therefore, in treating the company as an ordinary trespasser, was erroneous; it should have been treated as an internal improvement company, or railroad company which had the right to take material for the construction of its road without the owner's consent, and which, in the exercise of that right, had failed to comply with the conditions imposed by the constitution and the legislature of the State.

The clause of the constitution which we are now consid-

ering protects private property in personalty as fully as in real estate; *neither* can be taken against the owner's consent until payment is first made or secured. Cooley on Const. Law. 336.

But for the purposes of this suit, it is sufficient to know that the legislature has construed the Constitution for us in the matter of taking stone and the like material by railway companies from adjacent lands, without the owner's consent. For the fuller discussion of grounds upon which injunctions should be granted in such cases, I refer to *Ward* v. *R. R. Co.*, decided at the present term and not yet reported, and the cases therein cited.

The decree appealed from, therefore, must be reversed, and the cause remanded, with instructions to reinstate the injunction, and permit the defendant to file an answer of the character herein indicated if so advised and the facts will permit, so that a proper issue may be made up; if no such answer can truthfully be filed, as seems probable from the admissions contained in the answer which we are now considering, the court should proceed at once to direct an issue to be tried in the nature of an inquisition *quantum damnificatus* to be conducted in all respects in conformity to the provisions of the Code heretofore adverted to, and as explained in the case of *Ward* v. *R. R. Co.*, and the cases therein cited.

The cause is reversed and remanded to the Circuit Court of Randolph county, with directions to reinstate the injunction, and proceed thereafter in accordance with the principles contained in this opinion, and further in accordance with the principles of equity.

Reversed.  Remanded.