# CHARLESTON.

C. & O. RY. Co v. WRIGHT, et al.

Submitted January 31, 1902.—Decided March 1, 1902.

1. JUSTICE'S SUMMONS—*Defective Return—Appearance.*
   If a defendant to a suit instituted before a justice after making a specific appearance for the purpose of quashing a fatally defective return of service of summons, enters a general appearance to the action, proceeds with the trial of the case and the presentation of his defence and on judgment being rendered against him, appeals to the circuit court, he thereby cures the defects in the service and abandons his specific appearance and submits himself to the jurisdiction of the justice and the court, and after final judgment rendered against him by such court he cannot prohibit the collection of the same because of the defective return of the summons. (pp. 654, 655).

From the Circuit Court, Greenbrier County. The Chesapeake & Ohio R. R. Co. filed its petition in this Court for a writ of prohibition against J. M. McWhorter, Judge, and A. T. Wright.

*Writ Denied.*

SIMMS & ENSLOW, for petitioners.

JOHN W. ARBUCKLE, for respondents.

DENT, PRESIDENT:

This is an application of the Chesapeake & Ohio Railroad Company for a writ of prohibition against J. M. McWhorter, Judge of the circuit court of Greenbrier County, to inhibit the enforcement of a judgment rendered by said court in favor of A. T. Wright on the 20th day of November, 1901, for the sum of fifty dollars, interest and costs.

The proceedings in the case are as follows: On the 2d day of September, 1901, summons was issued in favor of said Wright against petitioner by P. H. McGrath, justice of the peace, returnable the 9th day of September, 1901. On the return day the petitioner appeared specially for the purpose and moved to quash the return of service as fatally defective. The justice overruled the motion and the case was continued until September 16, 1901. On the last mentioned day the parties appeared,

a trial was had and judgment was rendered in favor of the defendant. Plaintiff gave the defendant (petitioner) a written notice that on the 21st day of September, 1901, he would move the justice to set aside the judgment and grant him a new trial. On the day named defendant not appearing, the justice set aside the judgment and set the trial for September 27, 1901. On this last mentioned day both parties appeared, a new trial was had and judgment was rendered in favor of plaintiff for the sum of fifty dollars. The defendant forthwith appealed to the circuit court. It then renewed its motion to quash the officer's return on the original summons. The motion was overruled and on trial *de novo* before a jury and verdict obtained, judgment was again rendered in favor of the plaintiff for the sum of fifty dollars. The defendant then applied for a writ of prohibition to such judgment for the reason that the officer's return is invalid in that it does not show that the alleged agent of the defendant on whom service was purported to have been had, was at the time he was served a resident of Greenbrier County, West Virginia, and in the actual employ of the company at the time of the service as required in section 38, chapter 50, Code. This undoubtedly renders the service invalid, and a judgment by default on it would be void. *Taylor* v. *Ohio River Ry. Co.,* 35 W. Va. 328; *Ry. Co.* v. *Ryan,* 31 W. Va. 364 (6 S. E. R. 924); *Layne* v. *Ohio River Ry. Co.,* 35 W. Va. 438. There being no legal service of summons, the court would be without jurisdiction of either the person or subject matter and prohibition would lie as a matter of right. *Yates* v. *County Court,* 47 W. Va. 376 (35 S. E. 24): *Johnston* v. *Hunter,* —— *Staunton Belmont Co.* v. *Case et al.,* 47 W. Va. 779 (35 S. E. 851). After, however, the defendant had appeared specially and its motion had been overruled, it appeared generally and joined in a continuance and on trial obtained a judgment in its favor. This judgment was set aside and on a retrial to which it appeared judgment was rendered against it. It then appealed to the circuit court. Some authorities hold that a general appearance after special appearance does not waive the defects in the service of process. 2 En. Plead. & Prac. 630. While a considerable array of authorities hold that when a defendant appears and objects to jurisdiction and his objection is overruled, he must then elect either to stand upon his objections or to go

into the merits.   Going into the merits waives his exception to the service of process.   2 En. Plead. & Prac. 631.

The latter rule is founded on justice and reason.   For although the defendant may not be served with process, yet if he appears and contests the case and a fair trial is had, why should he be permitted to invalidate the judgment thus obtained, because the process to bring him into court was not legally served upon him?   He has had his day in court, made his defense and justice has been meted out to him.   If he does not appear at all, or if he appears specially for the purpose alone of calling attention to the defective character of the service and then steps aside and permits judgment to go by default, the judgment is void and he may have the same vacated.   But when he submits himself to the jurisdiction of the court, offers his evidence and has a fair hearing, he should be forever estopped from denying notice of the action.   But, however this question may be determined as to common law courts under the summary and liberal proceedings before justices as provided in the statute a defendant who appears specially for the purpose of objecting to the service of summons must then elect to either rely on such objection alone or waive it by going into trial on the merits.   It is specially provided in the statute that trial may be had by appearance and consent without summons.   When therefore a defendant appears and goes to trial on the merits all defects in and objections to the process should thereby be deemed to be abandoned and waived.   By making a general the defendant abandons his prior specific appearance.   In some states the just rule is established that there can be no special appearance for if the defendant has notice sufficient to appear and raise technical objections he has notice sufficient for all purposes.   2 En. Plead. & Prac., 622.   Under the equitable powers of a justice such rule should prevail in this State, the invalidity of the return under the statute only applying to judgments by default.   In addition to appearance and trial on the merits, the defendant appealed to the circuit court.   It has been held that an appeal by a defendant is an appearance to the action and cures all defects in the service of summons.   2 En. Plead. & Prac., 614; *Thorn et al.* v. *Thorn,* 47 W. Va. 4 (34 S. E. 934).   This is undoubtedly a reasonable rule.   The purpose of the service of summons is to bring the defendant into court.   If he comes voluntarily and presents his defense he obviates the necessity for summons.   It

is absurd to hold that a defendant is in court to try his case and if the judgment be for him it is valid, while if it be against him it is invalid, for while he is actually in he is technically out of court. In for his own purposes but out for all other purposes. It is a trial if he wins, but not a trial if he loses. The provisions of the statute in relation to the service of summons were made for the protection of defendants without notice, and not to enable those with notice to escape just obligations and defeat the ends of justice. If a judgment is taken by default on an invalid service of summons, the conclusive presumption of law is that the defendant had no notice and therefore the judgment is void, but if the defendant appear in answer to such summons and have a trial of the case on the merits, the judgment is not void, for it is not rendered on the invalid return of the officer, but on the appearance and defense of the defendant.

The prohibition is refused.

*Prohibition Refused.*