# CHARLESTON.

## MUNSON *v.* GERMAN INSURANCE COMPANY.

### Submitted January 26, 1904—Decided March 22, 1904.

1. PLEADINGS—*Bill—Evidence—Discovery.*

    It is necessary that a mixed bill for discovery and relief show that the plaintiff has a good case for recovery or defense, in order to obtain discovery. (p. 425).

2. NOTICE OF LOSS BY MAIL.

    Notice of loss may be given to an insurance company through the mail at the risk of the insured. Deposit of it in the mail is *prima facie*, but not conclusive, evidence of its reception by such company. (p. 425).

3. INSURANCE CO.—*Proof of Loss—Notice.*

    If the furnishing of proof of loss is made by an insurance policy a condition precedent to action upon it, performance or waiver of it must be shown before recovery can be had. Such is the case where the policy provides that no action shall be brought until its conditions are complied with and it requires such proof of loss. (p. 426).

4. BILL OF DISCOVERY—*Corporation—Officer.*

    A bill cannot be maintained against a corporation for discovery without making a proper officer of it a party. (p. 427).

5. FIRE INSURANCE—*Proof of Loss.*

    If a fire insurance policy provide that proof of loss shall be furnished within a given time, and that no action shall be brought upon it until such proof is furnished, and provide for its forfeiture for certain causes, but not for failure to furnish such proof of loss, failure to furnish such proof of loss within the given time does not wholly destroy all right of recovery, but only delays right of action; but action upon it cannot be brought until such proof is furnished. (p. 427).

6. FIRE INSURANCE—*Proof of Loss—Notice.*

    Loss of a policy of fire insurance will not excuse compliance with the imperative requirements of the policy as to notice and proof of loss. (p. 428).

Appeal from Circuit Court, Randolph County.

Action by J. W. Munson against the German-American Fire

Insurance Company.   Decree for plaintiff, and defendant ap-
peals.

*Reversed.*

C. W. DAILEY, for appellant.

W. B. MAXWELL, for appellee.

BRANNON, JUDGE:

J. W. Munson filed a bill in equity in the circuit court of
Randolph county against German-American Insurance Com-
pany of New York, stating that the company had issued to him
a policy of insurance for $1,000 upon his dwelling house; that
the house was destroyed by fire, and that the policy was destroy-
ed with it; that as soon as practicable after the fire he had in-
formed the agent through whom he obtained the policy, of the
destruction of the house, he not knowing the company's address,
and the agent informed him that he was no longer agent for the
company, but gave him the address; that the plaintiff then
wrote the company a letter informing it of the fire, but receiving
no reply, he placed the matter in the hands of an attorney, who
wrote the company of the loss of the house and policy, and that
the plaintiff did not know the demands of the policy as to what
he should do, and asking what the company required of him in
the way of proof of loss; that the company answered that this
letter was the first information it had of the fire, and that the
matter had been referred to its Baltimore agent; that the plain-
tiff asked this agent what was required of the plaintiff
to secure a settlement of the claim, but both had failed to
give him information. The bill states that the plaintiff is en-
titled to recover the full amount of the policy; that he be-
lieved that it was provided in the policy that before he had right
to recover it was necessary for him to furnish some sort of proof
of loss, but that he did not remember the provisions of the pol-
icy or what proof of loss was required; that he had so informed
the company. The bill avers that the plaintiff had full proof to
meet any requirement of the policy; that the company had an
exact copy of the policy, and knew of its requirements. The
bill asked that the company be required to make discovery as to
requirements of the policy in order for the collection of the in-
surance money; that upon such discovery the plaintiff be allow-

·ed to furnish proof of his demand and that the amount of the insurance be decreed to him. A decree was entered requiring the company to make such discovery, and afterwards a decree was rendered compelling the company to pay the full amount ·of the policy, and the company has appealed.

The first question arises upon a demurrer to the bill. The ·court overruled the demurrer. Counsel for the company suggests that it is indispensable that to call for discovery the bill ·show a good case, a right of recovery, and that this bill does not show a god case, because it shows that the plaintiff knew ·that he had to do certain things as conditions precedent to re·covery, namely, to give the company notice of loss, and to furnish statement of the loss. It is plainly necessary that a bill show a recoverable case to call for discovery. It must state "a ·case which will constitute a just ground for a suit or defense and its nature,   *   *   such a case as will enable the plaintiff to recover in the action." Hogg's Eq. Proced. section. 163; 6 Ency. Pl. & Prac. 740; Story Eq. Pl. section 319. This puts the question whether the bill does present a case for recovery. It is said that the bill admits, as it does, that Munson knew ·very well that he was called upon to give the company notice of the fire and also proof of the loss and its character and amount, and that the bill fails to state that he did so. The bill says ·that after writing to the local agent Munson wrote to the company of the fire at once. *Prima facie* this was sufficient notice, ·as a letter deposited in the mail properly addressed is presumed to reach the person addresed. *Galloway* v. *Standard Co.* 45 W. Va. 237; 1 Joyce on Ins. sections 62, 3300. Thus so far as ·concerns notice of loss the bill is sufficient. Besides, the policy is not stated in the bill as to its provisions, and we cannot say what were its provisions. We do not know whether the failure to give notice of the fire was required within a particular time ·or whether it forfeited the contract. True, the bill says that it was necessary to recovery. This may be said to make it a pre·cedent condition; but we do not know whether the failure to give notice of fire within a given time forfeited the policy. Therefore, as before suit notice of the fire was given, we cannot say ·that the demurrer was good so far as it concerns failure to give ·notice of loss in due time, because notice appears to have been

given, and also because we do not see that its delay forfeited the policy.

But how as to proof of loss? The bill makes no pretense that it was given or attempted to be given. This makes the bill bad, because it admits that a duty to furnish proof of loss rested on Munson, and the law is settled that such proof is indispensable to a suit for recovery. If a pure bill of discovery could be maintained upon a bill not averring that proof of loss had been furnished, still a bill for discovery and relief cannot be sustained without such averment. "If the furnishing of proofs of loss is a condition precedent to the bringing of action, performance or waiver of it must be shown." Kerr on Ins. 767. This bill is one of discovery and relief, not a pure bill of discovery. There is jurisdiction in equity regardless of discovery, since the bill states the loss of the policy; but there can be no relief upon a bill not stating that proof of loss was furnished or waived. It was error to overrule the demurrer and compel a discovery as no proof of loss had been given before the suit. Proof of loss afterwards would not avail for this suit. The bill is defective in another respect. When discovery from a corporation is asked it is indispensable to make some proper officer of it a defendant, as a corporation cannot answer under oath, and therefore the practice is to make such officer a party. *Teter* v. *W. Va. Cent. & Pa. R. R. Co.*, 35 W. Va. 433; *Roanoke Street R. Co.* v. *Hicks*, 32 S. E. 295. In the latter case the Virginia court said: "A bill cannot be maintained against a corporation alone, as one for discovery, it being unable to answer under oath."

The company in response to the command for discovery, produced a copy of this policy. It provides that "If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured stating" (giving the details of the proof of loss). The policy contained this provision: "No suit or action on this policy shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire." It contained no clause of forfeiture for failure to comply with this provision, that is, as to

notice of loss and proof of loss. It does contain provisions forfeiting the policy for keeping certain inflammable articles in the house and other causes, but does not forfeit for failure to give notice and proof of loss. As stated above the bill states that prompt notice by letter was given of the fire, which is *prima facie* evidence of its reception by the company; but it is only *prima facie* evidence. The officers of the company swear that this letter did not reach the company. This repels the claim of early notice to the company Joyce on Ins. section 3300. The earliest notice to the company was 3rd January, 1902. The fire was 20th October, 1901. None of the authorities hold that this notice would comply with the provision of the policy demanding immediate notice of loss. Joyce on Ins. section 3291; May on Ins. section 462; Elliott on Ins. section 304; Kerr on Ins. p. 482. It would seem very reasonable that such a provision ought to be complied with within a reasonable time. How can a distant company without such notice know of the fire and take steps while the matter is fresh to investigate the facts for its own protection? But the policy does not forfeit for this cause, though it is particular to do so for other causes. "If no forfeiture is provided for in case of failure to furnish the proofs, forfeitures being stipulated in case of breach of other requirements, or furnishing the proofs in the specified time is not made a condition precedent to recovery, the great majority of recent decisions hold the effect of failure to furnish them is merely a postponment of the time of payment to the specified time after they are furnished." 13 Am. & Eng. Ency. L. (2 ed.) 329; *Rheims* v. *Standard Fire Ins. Co.,* 39 W. Va. 672. Elliott on Ins. section 307 says: "Where no forfeiture is provided by the contract, and the service of the proof of loss is not made a condition precedent to the liability of the company, the effect of such failure is simply to postpone the day of payment. No liability attaches to the company, however, until such proofs are furnished; but, unless otherwise provided, expressly or by fair implication, it is not important that proofs be not in fact served within the time stated in the policy." It is there stated that it is only when the policy forfeits the right that the liability ends. Kerr on Ins. 450 lays down the same law. But without regard to absolute forfeiture of the policy, it still can be said under all the authori-

ties that where a policy calls for proof of loss before suit no suit can be maintained upon it without such proof. This is shown by authorities above given and by our own cases. *Peninsular L. T. Co.* v. *Franklin Ins. Co.* 35 W. Va. 666; *Flanagan* v. *Phoenix Ins. Co.,* 42 *Id.* 426; *Adkins* v. *Globe Ins. Co.* 45 *Id.* 284. It is said that the Rheims case does not hold that proof of loss is a condition precedent to suit, and that it differs from the three cases above mentioned. I do not think so. That case turned more on a waiver. The Rheims case holds that where proof of loss is to be made within a fixed time, but the policy does not forfeit for failure therein, failure to make proof of loss within the time does not forfeit the policy, but postpones action until proof is made. There was proof in that case, but not within the time. It does not hold that suit can be brought without such proof. The Peninsular case does not assert a forfeiture, but declares, with the Rheims case, that proof before suit is necessary. The Flanagan and Adkins cases say nothing as to forfeiture, but assert the prerequisite of proof before suit. All the cases are consistent with two propositions: One, that where proof is required by the policy within a fixed time, but no forfeiture is declared, mere failure to furnish proof within the time does not destroy all right of recovery; the other, that such proof must precede action. The failure of the plaintiff in this case to furnish proof of loss cannot be excused by the loss of the policy, even if Munson was unable to remember its provisions. Persons making an imperative contract cannot plead of failure of memory of its contents. They are bound to remember. One cannot place upon the other damage from the former's loss of memory; he cannot make him carry the burden of an accident which is only the misfortune of the one, not the fault of the other. This policy makes no such exception. Only the act of God can intervene and release the letter of the contract. Joyce on Ins. section 3280; May on Ins. section 465; Kerr on Ins. p. 470.

For these reasons we reverse the decree and dismiss the bill.

*Reversed.*