# CHARLESTON.

S. M. Smith Insurance Agency *v*. Hamilton Fire Insurance Company.

Submitted June 2, 1910.   Decided April 11, 1911.

1. Corporations—*Summons—Motion to Quash.*

   Withdrawal from the State by a foreign insurance company, after liability incurred, but before suit brought, if otherwise available in abatement of the suit, such fact not appearing on the face of the summons or return of service thereof, is not good ground for quashing the summons. (p. 132).

2. Same—*Foreign Corporations—Service of Process.*

   The statute prescribing no form for acceptance of service of process by the auditor, for and on behalf of a foreign corporation, authorized by section 3805, Code 1906, such acceptance, signed by the auditor, neither the process nor acceptance showing that defendant is a foreign corporation, or sued as such, is sufficient, unless the fact be controverted by plea in abatement, properly verified, and filed at rules, to confer jurisdiction, and to affirmatively show the necessary jurisdictional facts. (pp. 132, 133).

3. Money Paid—*Payment by Third Party—Relief in Equity—Alternative Relief.*

   If a stranger pays the debt of another, without the debtor's request, such payment not having been ratified by the debtor, the stranger may sue the debtor in equity, and if such payment be not then ratified, the debt may be enforced against the debtor, in favor of such stranger, as equitable assignee thereof; or, if then ratified, he may be decreed repayment of the amount paid for the use of the debtor. (p. 134).

4. Insurance — *Foreign   Insurance — Contracts — Jurisdiction of Courts.*

   Withdrawal by a foreign insurance company from doing business in this State, will not deprive the courts of this State of jurisdiction of actions subsequently brought against it for liabilities incurred and accruing here before such withdrawal. (p. 134).

5.   SAME—*Contract—Property in Another State.*

A policy of fire insurance of a foreign insurance company, which provides that it shall not be valid until countersigned by an agent located in this State, although the property covered by the policy be located in another State, and which provides for no particular place of payment of the loss, becomes a contract in this State and of the county where so countersigned, giving the circuit court of that county jurisdiction of the subject matter of the contract. (p. 135).

6.   SAME—*Proofs of Loss—Waiver.*

Although a policy of fire insurance requires that proof of loss shall be furnished within sixty days after the fire occurs, unless the time be extended by the company,· but there is no provision therein forfeiting the policy for failure to comply with this requirement, the effect of such provision is to postpone right of action until such proof be furnished, but not to wholly destroy all right of recovery thereon. (p. 135).

Appeal from Circuit Court, Mercer County.

Appeal by the S. M. Smith Insurance Agency against the Hamilton Fire Insurance Company.   Decree for plaintiff, and defendant appeals.

*Affirmed.*

*J. R. Henry,* for appellant:

*Process issued in suit Jaunary* 10, 1908. *Defendant's right to do business in West Virginia expired Dceember* 31, 1907. W. Va. Code, § 1104-5; 1107 [A 3516 Supp. 1907.]

*Plaintiff, as defendant's trusted agent, could not involve defendant in a loss and then buy a law suit against it, growing out of plaintiff's own wrong.* 31 Cyc. 1194, 1430, 1432 et seq., 1442, 1444, 1447, 1451, 1535, 1536, 1537; *Bartholomew* v *First Nat. Bk.,* 57 Kan. 594; 30 Cyc. 1182, n. 15.

*The Policy was void under its terms, because the insured property did not stand on ground either owned by or leased to, the insured.*   Cooley Ins. Briefs, p. 1361.

*Defendant was never summmoned.   Jurisdiction by summmons must affirmatively appear of record.   Hunter* v. *Spottswood,* 1 Wash. 145; *Moore* v. *Holt,* 47 S. E. 252, *et c. c.*

*Filing answer under protest did not cure this defect.   Price* v

*Pinnell*, 4 W. Va. 296; *Hickman* v. *Larkey*, 6 Gratt. (Va.
Rep. Ann. and note) 210; *Bank* v. *Bank*, 3 W. Va. 386;
*Chapman* v. *Maitland*, 22 W. Va. 344-5.

*The policy was not a West Virginia contract. It was delivered
to insured, in violation of Va. Const., sec. 163, par. CCLX,
and Va. Code, secs. 1105 and 1269A, which avoided con-
tract. Jurisdiction of circuit court of Mercer county
under ch. 123, W. Va. Code, is not shown.*

*Plaintiff cannot recover under its first deposition and original
bill. It is a volunteer, and violated its duty to defendant.
Bartholomew* v. *Bank, supra;* 30 Cyc. 1182, n. 15.

*It cannot recover under the amended bill and second deposi-
tion. The assignment is complete, the remedy at law full
and adequate and equity without jurisdiction. Plaintiff
both proves and disproves, specifically, the assignment.* 40
W. Va. 729; Code W. Va. 3452.

*Maness shows an outstanding claim for part of the whole, for
part of which plaintiff sues; and the whole is not set up in
this suit. Rivers* v. *A. C. Wright & Co.* 43 S. E. 499;
*St. L. Boom & Mfg. Co.* v. *Price,* 38 S. E. 527.

*Equity takes no jurisdiction of suit on insurance policies for
mere money recovery.* IV. Cooley, Ins. Briefs, 3946 *et
c. c., but only for some special matter, such as in Nease* v.
*Aetna Ins. Co.,* 32 W. Va. 283.

*Sanders & Crockett,* for appellee.

Miller, Judge:

The decree appealed from adjudged plaintiff to be the equit-
able assignee or owner of a demand of six hundred and sixty-
eight dollars and seventy-five cents, due from the defendant
company to J. H. Maness, for loss by fire of his saw mill, cov-
ered by a policy of insurance of said company; and that plain-
tiff recovered from defendant seven hundred and forty-eight
dollars and thirty-nine cents, principal and interest accrued to
the date of said decree, with interest thereon from that date until
paid, and costs.

Jurisdiction in equity is predicated on the theory that after
said loss, and liability to Maness, plaintiff, at his solicitation
and request, but without the knowledge or assent of defendant,

paid Maness on account of said loss seven hundred dollars, assuming, the loss being total, or practically so, that defendant was liable to Maness, for eight hundred dollars, the full amount of the policy; that though there was no assignment, or express agreement by Maness to assign to plaintiff seven hundred dollars of his claim against defendant, it was nevertheless the intention of both that plaintiff should be substituted and succeed to all the rights and benefits of Maness, as against the defendant company, to the extent of the sum so paid him; and that plaintiff should be decreed, as it was decreed, to be the equitable assignee and owner to that extent of his demand against defendant.

The defendant company, before answering, as it did, under protest, without waiving its rights, appeared specially, to challenge the jurisdiction of the court, either of the person of defendant, or of the subject matter of the suit. First, it moved the court to quash the summons, and dismiss the suit from the docket, assigning as grounds therefor, that it had withdrawn from and had ceased to do business in the State of West Virginia, not before the policy was written, in 1906, or the loss occurred, in March, 1907, but on January 1, 1908, before suit brought, and could not, therefore, be sued on said policy in the courts of West Virginia; and that the acceptance of A. C. Scherr, Auditor, endorsed on said summons, as follows, "Service of the within process accepted for Hamilton Fire Insurance Company this 13th day of January, 1908.    A. C. Scherr, Auditor", was of no effect, null and void.

The first question is, did the court below err in denying said motion? Withdrawal from the State before suit brought, a fact not appearing on the face of the summons, or in the acceptance of service thereof, if otherwise available, would certainly not be good ground for quashing the summons. That would be matter of abatement, pleadable, if good, by proper plea filed at rules. Sections 15 and 16, chapter 125, Code 1906. Such a plea must not only be filed at rules, as required by said section sixteen, but by section 39 of said chapter, it must be verified by affidavit. No such plea was filed. Defendant does set up the same matter in its answer, not verified, but the answer, if it had been verified, was not filed within the time required for a plea in abatement.

But it is said jurisdiction must affirmatively appear on the face of the summons and acceptance of service, and as neither the

summons nor the acceptance of service shows defendant to have been a foreign corporation, or sued as such, or the auditor's acceptance a valid exercise of authority conferred by statute or by power of attorney, jurisdiction was not thereby made to affirmatively appear, and defendant was therefore never legally brought before the court. For this proposition counsel rely on *Hunter v. Spotswood,* 1 Wash. (Va.) 145; *Moore* v. *Holt,* 55 W. Va. 507, 47 S. E. 252; *Pennsylvania R. R. Co.* v. *Rogers,* 52 W. Va. 450, 44 S. E. 300, and *Railway Co.* v. *Wright,* 50 W. Va. 653, 41 S. E. 147. Neither of these cases support the proposition stated. *Railway Co.* v. *Wright,* and *Railroad Co.* v. *Rogers* relate to the sufficiency of service on a corporation of process from justice's court, as provided by section 38, chapter 50, Code 1906, which required that the officer's return should show on whom service was had, and that he was served in the county in which he resided. This was because the statute so required. The statute does not prescribe any form of service on foreign corporations, or of acceptance of service by the auditor on their behalf. Of course jurisdiction must always affirmatively appear by proper process, and due and legal execution on or acceptance of service by or on behalf of defendant. But the statute, section 3805, Code 1906, constituting the auditor attorney in fact for and on behalf of every foreign, and non-resident corporation, doing business in this state, and authorizing service of process on him, and empowering him to accept service of process, prescribes no particular form of service. The question presented then is, was the auditor's acceptance of service in this case sufficient? We are of opinion that it was, and that jurisdiction thereby appeared. Having accepted service as auditor, and in the form shown, the court must regard it a. declaration on its face, either that defendant was a foreign, or a non-resident corporation, and in either case, the auditor was authorized by law to accept service, binding defendant. The only way in which defendant could put this fact in issue was by plea in abatement, filed at rules, duly verified, as the statute requires. The reason is plain, for mere defect in the form of service or acceptance of service is correctible. Section 15, chapter 125, Code 1906. We conclude, therefore, that there was sufficient process, and service thereof, appearing, to confer jurisdiction on the court.

We need not inquire therefore, whether defendant waived its

rights to object to the jurisdiction by subsequent appearances, and defenses to the suit. We must dispose of the case on the issues presented by the pleadings and proofs.

Several questions, some arising on the demurrer alone, others on both demurrer and answer, and the evidence, are presented. The first is, had equity jurisdiction in the premises? Whatever may be the rule in other jurisdictions, we think this question is foreclosed in this State by *Neely* v. *Jones,* 16 W. Va. 625, and *Crumlish* v. *Improvement Co.,* 38 W. Va. 390. Point three of the syllabus of the latter case, substantially point four of the syllabus in the former case, and particularly applicable here is: "A stranger who pays a debt without request by the debtor, when his payment is not ratified by the debtor, may bring a suit in equity praying relief in the alternative; that is, that if the debtor do not ratify such payment, the debt may be enforced in his favor as its equitable assignee, or, if so ratified, that he be decreed repayment of the amount paid for the use of the debtor." The allegations of the bill in this case, and the proofs taken, make out such a case of equitable jurisdiction.

As the amount advanced or paid Maness was more than the amount of principal decreed, we see no force in the suggestion that the assignment must be complete. At law this is the general rule, but not in equity.

Another question is, did the court below have jursidiction of the subject matter? It is argued that because the property destroyed was located in Virginia, the cause of action arose there, and as defendant had withdrawn from and had ceased to do business in this state at the time the suit was brought, the lower court was without jurisdiction of the subject matter thereof. Withdrawal from the State, while liability remained on account of business previously transacted, could not defeat action on a contract made before such withdrawal, nor render void service on or acceptance of process by the auditor. Section 16, chapter 34, Code 1906. This section provides that, "As long as any liability of the company in this State remains unsatisfied, no revocation of any such power of attorney shall be of any effect, until after a like power to some other person residing in this State has been filed by the said company in the office of the auditor. And when such attorney dies or resigns, the company shall immediately make a new appointment and file the evidence thereof

as aforesaid, until all its liabilities in this State are discharged."

But did the cause of action arise in Mercer county? giving the court jurisdiction on that ground? The policy of insurance provides, on its face, that it shall not be valid until countersigned by the duly authorized agent of the company at Bluefield, West Virginia. The policy was countersigned by S. M. Smith, Agent, at that place. This Court has decided that if a policy so provides, and be so countersigned, it is a contract of the State where so countersigned. *Galloway* v. *Standard Fire Insurance Co.,* 45 W. Va. 237. This case also decides, citing authority, that if a policy does not say the loss·shall be payable in any particular place it shall be payable at the place where issued. The policy involved here provides for no particular place of payment. It was payable therefore at Bluefield, where issued, and mailed to the assured. Clearly then the court below had jurisdiction of the subject matter.

Another point made is, that the contract is invalid by the laws of Virginia. This point is sufficiently answered by what has just been said on the question of want of jurisdiction.

Lastly, was right of action forfeited by the failure of the assured to furnish proofs of loss within the time provided by the policy? This was the only ground on which the liability was denied by defendant, on receipt of the proofs of loss, mailed to it June 5, 1907. The policy does provide that the insured shall furnish the proofs of loss within sixty days after the fire, unless the time be extended by the company. But there is no provision forfeiting the policy for failure to comply with this requirement. This point is fully covered by the fifth point of the syllabus of *Munson* v. *German Insurance Company,* 55 W. Va. 423, as follows: "If a fire insurance policy provide that proof of loss shall be furnished within a given time, and that no action shall be brought upon it until such proof is furnished, and provide for its forfeiture for certain causes, but not for failure to furnish such proof of loss, failure to furnish such proof of loss within the given time does not wholly destroy all right of recovery, but only delays right of action; but action upon it cannot be brought until such proof is furnished."

No other point deserving consideration being presented, and seeing no error therein, we affirm the judgment below.

*Affirmed.*