# CHARLESTON.

RALEIGH HARDWARE COMPANY *v.* JULIUS WILLIAMS *et als.* and R. MANKIN *et als v.* T. J. McGINNIS *et als.*

(Nos. 6263 and 6263-A)

Submitted September 18, 1928.   Decided September 25, 1928.

*Floyd M. Sayre, Herbert Stansbury,* and *Ashworth & Ashworth,* for appellants.

*French, Easley & Easley,* for appellees Union Fire Ins. Co. of Paris, France, American Cent. Ins. Co., and Provident Washington Ins. Co.

MAXWELL, JUDGE:

Julius Williams having departed this life subsequent to the institution of the first above styled suit for the enforcement of a mechanic's lien, the second suit, for the ascertainment of the indebtedness of the decedent and to subject his real estate to the satisfaction thereof, was instituted. The two suits were consolidated.

A year or two before his death the decedent erected a hotel on a lot owned by him in the city of Beckley. This property was covered by a deed of trust executed by Williams and wife to secure the Lincoln Finance Company, a corporation, in the payment of certain indebtedness in said trust specified. The trust carried a covenant for fire insurance on the building for the benefit of the mortgagee as its interest might appear. Subsequent to the execution of the trust, insurance policies were issued on the hotel building by Provident Washington Insurance Company in the sum of $1,000.00; The Union Fire Insurance Company of Paris, $2,000.00; American Central Fire Insurance Company, $3,000.00. To each of these policies there was attached in usual form a number one mortgage clause in favor of the mortgagee. By this clause it is provided in effect that the insurance shall remain in force as to the mortgagee notwithstanding any forfeiture by the owner.

On the 22nd day of January, 1926, the hotel was totally destroyed by fire. Later that year the insurance companies made settlement in full with the mortgagee of their several liabilities to it under the policies and took from the mortgagee an assignment of its rights against the mortgagor under the

above mentioned trust, to the extent of the insurance paid. These assignments were made in accordance with the following provision which was incorporated in each of the policies:

"On payment to such mortgagee of any sum for loss or damage hereunder, if the company shall claim that as to the mortgagor or owner no liability existed, it shall to the extent of such payment be subrogated to the mortgagee's right of recovery and claim upon the collateral to the mortgagee debt, but without impairing the mortgagee's right to sue; or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

The insurance companies came into the consolidated causes by petition and asserted liens under the above mentioned assignment. The circuit court sustained the companies in their contention and entered a decree accordingly. This is the main question involved on the appeal.

Each policy contained a clause that it should be void unless otherwise provided by written agreement added thereto, "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed." None of the policies was modified in this particular. Each policy also contains a provision that within sixty days after the fire, unless such time is extended in writing by the company, the insured should render to the company a proof of loss, setting forth, among other things, the time and origin of the fire, and an itemization of the loss and damage.

The insurance companies recognized their liability to the mortgagee by reason of the requirements of the number one mortgage clause, and settled accordingly, but denied liability to the mortgagor. The principal bases for the denial of liability are, first, the alleged violation of the contractual condition first above referred to, in that, prior to the fire and subsequent to the issuance of the policies, notice of sale of said insured property under the deed of trust was twice given, with the knowledge of the mortgagor, and second, that no proof of loss was furnished to the companies by the insured or on his behalf within sixty days after the fire.

The first notice of sale under the trust was in the year 1925, but was abandoned upon adjustment by the mortgagor of the installments of the debt then due. The second advertisement was for sale of the property January 30, 1926. As already stated, the building burned the 22nd of the same month. In our opinion it satisfactorily appears from the evidence that each of the notices of sale was with the knowledge of the mortgagor, but we do not think the finding of the chancellor can be predicated on that fact, because, prior to both of the advertisements of sale under the deed of trust, the mortgagee and its trustees had been made parties defendant, and served with process, in the first above styled chancery suit. The identical property sought to be subjected to sale by the trustees under the deed of trust was involved in the mechanic's lien suit. It was *in custodia legis*.

"When a person is made a party to a suit as to his rights involved therein, he must await the action of the court, and can not, by independent proceedings outside the suit, defeat such action." *Parsons* v. *Snider, et al.*, 42 W. Va. 517, syl 5. Also *Stafford* v. *Jones*, 65 W. Va. 567. True, in each of those cases, the latter part of section 7 of Chapter 139 of the Code was given consideration as applicable thereto, but the principle set forth is not dependent upon statute. In the *Parsons-Snider* case Judge Brannon, in laying down the proposition which was carried into the syllabus as above, says that such would be true on general principles, but he regards it as strengthened by the statute.

The fact that the suit was for the enforcement of a mechanic's lien and was not a general creditors' suit can make no difference in the application of the principle. The parties and the subject matter were before the court, there to be dealt with by proper decree. It follows that because the parties and the property were thus before the court in a proper suit at the time of the giving of the notices of sale by the trustees, the said notices were wholly abortive for any purpose, and therefore the mortgagor could not be prejudiced thereby, though he had knowledge thereof.

Now as to the second basis of denial by the insurance companies of liability to the mortgagor, namely, that there was

no proof of loss by him or in his behalf. It is not provided in the policy that it shall be void if proofs are not filed within the stipulated period, but there is a general provision that no suit shall be brought on the policy unless all the requirements of the policy have been complied with, and unless such suit be instituted within twelve months next after the fire. The only effect of non-compliance with the requirement for proof of loss is to postpone the right of action of the insured. "Although a policy of fire insurance requires that proof of loss shall be furnished within sixty days after the fire occurs, unless the time be extended by the company, but there is no provision therein forfeiting the policy for failure to comply with this requirement, the effect of such provision is to postpone right of action until such proof be furnished, but not to wholly destroy all right of recovery thereon." *Smith Insurance Agency* v. *Hamilton Fire Insurance Co.*, 69 W. Va. 129, pt. 6, syl.

Proofs of loss merely fix the time when a loss becomes payable and when an action may be maintained to enforce a liability. *Rheims* v. *Standard Fire Insurance Co.*, 39 W. Va. 672. See also *Munson* v. *German Insurance Co.*, 55 W. Va. 423, and *Adkins* v. *Globe Fire Insurance Co.*, 45 W. Va. 384. These cases go no further in this phase than to hold that the filing of proofs of loss is a condition precedent to action on the policy. This holding is in conformity with general authority. "If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof." 5 Joyce on Insurance (2d Ed.), section 3282.

In *Hall* v. *Insurance Co.*, 90 Mich. 403, it is said: "We think

it was intended that these provisions relating to the method of adjustment of loss and payment thereof should stand by themselves, and that they furnish their own penalty for failure to comply with the strict terms of the policy, viz., that the claim should not be due and payable until 60 days after the full completion of all the requirements contained therein, and that no action should be commenced after 6 months from the date of the fire. In *Insurance Co.* v. *Downs* (Ky.), 13 S. W. Rep. 882, the conditions of the policy were very similar to those contained in the one under consideration, and it was held that it was not intended that the failure to furnish proofs within the 30 days should work a forfeiture, but that such failure simply operated to suspend the right of action until proofs were furnished at some date within 6 months. See, also, *Tubbs* v. *Insurance Co.*, 84 Mich 646.'' Other authorities sustaining this proposition are: 14 R. C. L. 1328; 26 C. J. 373; *Steele* v. *German Insurance Co.*, 93 Mich. 81, 18 L. R. A. 83; *Connecticut Fire Insurance Co.* v. *Colo. Leas., Min. & Mill. Co.*, 50 Colo. 424; and the cases cited in the texts and opinions above referred to.

For breach of certain warranties contained in fire insurance policies, they may be, and frequently are, by the very terms thereof, declared to be void. In the policies in the cases at bar such conditions are found, but not so as to proofs of loss within sixty days. It would therefore seem obvious that the insurance companies could not with consistency claim, at the time they settled with the mortgagee, that there was no liability to the owner or mortgagor because of his failure, up to that time, to file proofs of loss. And after that time, of course, there was no occasion for him to file proofs of loss, for two reasons: first, because the insurance companies had paid to the mortgagee the full amount of their liability; and second, because the taking of the assignment by the insurance companies from the mortgagee was tantamount to a denial of liability by the companies to the mortgagor. *Insurance Company of North America* v. *Martin,* (Ind.), 51 N. E. 351. Where liability has been denied by a fire insurance company, the insured is under no requirement to furnish proofs of loss. These last observations are made

because the point is raised by counsel for the defendant insurance companies that no proofs of loss have ever been made by Williams or on his behalf.

It seems, therefore, that the second basis (failure of insured to file proofs of loss within sixty days) relied on by the insurance companies likewise fails to support the finding of the chancellor.

The Raleigh Hardware Company also complains because the court held that the proof of its mechanic's lien before the commissioner in chancery was not sufficient, and therefore declined to allow the same. The hardware company filed with the commissioner, and relied upon, an affidavit supporting its lien. The claimant deemed this sufficient under section 11, Chapter 129, Code, and did not offer any other proof. Apparently, claimant's counsel understand that there was no desire on the part of any of the opposing counsel to challenge the sufficiency of the affidavit to prove the lien. Counsel for the insurance companies, however, say they "were expecting witnesses to be produced before the commissioner on this claim and then to contest the same." There having thus arisen between counsel, in good faith, a misunderstanding about this item, the cause should be re-referred to a commissioner in chancery for proof to be taken on this claim and to afford opportunity for the same to be contested.

For the reasons above set forth, the decree of the circuit court is reversed and the consolidated causes are remanded for further proceedings in accordance herewith.

*Reversed and remanded.*