# CHARLESTON.

## UHL v. OHIO RIVER R. CO.

Submitted June 21, 1899—Decided November 28, 1899.

1.  WAY OF NECESSITY—*Natural Gas—Pipe Lines.*
    If a land owner conveys a right of way through his farm in
    fee to a railroad company, and years afterwards natural gas is
    found on his lands situated on the further side of such right of
    way from his residence, the law will imply a way of necessity
    by which he may pipe such gas to his residence for use
    therein; the pipes to be so laid and constructed as not to interfere
    in any wise with such railroad company's proper use and occu-
    pation of its right of way. (p. 61.)

Appeal from circuit court, Wood County.

Bill by C. D. Uhl against the Ohio River Railroad Com-
pany.  Decree for defendant, and plaintiff appeals.

*Reversed.*

McCLURE & FORRER, for appellant.

H. P. CAMDEN, for appellee.

DENT, PRESIDENT:

C. D. Uhl appeals from a decision of the circuit court of
Wood County dissolving an injunction obtained by him
against the Ohio River Railroad Company in words as fol-
lows: "To restrain, inhibit, and enjoin the Ohio River
Railroad, its agents, employes, attorneys, and servants,
from interfering with complainant's use of his crossing in
laying pipe lines over the right of way of said railroad com-
pany to complainant's residence, to run through same gas
and oil produced from complainant's land lying between
said railroad and the Ohio river, but to be so laid or con-
structed as not to interfere in anywise with said railroad
company's use and occupation of its road, its rails, cross-
ties, track, or operation of its said railroad, until the fur-
ther order of the court."  The admitted facts are as
follows: The appellant on the 13th day of April, 1882,
granted a strip of land fifty feet wide, dividing his farm to

the appellee, as a right of way for its railroad, without reservation, except, as a part of the consideration, that the grantee should make a good roadway or crossing where the private road of said Uhl crosses said railroad, and also put in or build cattle stops wherever said railroad comes from one field to the other. This grant has been held, in this Court, in a case decide herewith between said parties, to invest the appellee with the fee simple of said strip of land. The appellant at the time of his grant knew nothing with regard to his land being underlaid with oil and gas, and made no reservation respecting the same. Gas in paying quanties has been found on the land on the opposite side of the right of way from his dwelling house, and appellant sought to convey it under the railroad through a pipe for use at his residence. The appellee refused to permit him to do so, and he obtained this injunction. He claims the right to do so (1) because of the roadway or crossing before mentioned; (2) by implication of law, through necessity. It would not, certainly, come under the first, for the reason that this is a crossing over a railroad, and was intended to be the customary farm roadway. No thought was had of gas or oil at the time of its reservation, and no provision was made in relation thereto. And it cannot be said the parties had in contemplation at that time things that in no wise entered their minds, and of which they were both equally and entirely ignorant. There is no doubt but what the appellant, if he had then entertained, even the remotest prospects of gas and oil developments, would have made every necessary reservation in relation thereto. Is there a way implied by necessity? Certainly not as to the oil, for it can be secured in barrels or tanks, or reduced to such condition that it can be transported across the present roadway without the use of an underlying pipe line. At least, there is nothing to show such necessity disclosed by the record. Gas is entirely different. The only way it can be conveyed from one point to another, so as to be of practical utility, is through confinement in pipes. Otherwise, it is lost, although when properly conveyed, and used for heating and lighting, it is of the greatest value and comfort. It is being produced on the appellants' land. He cannot convey it to his dwelling house, and get the benefit of it, without crossing the right

of way donated by him to the appellee. The appellee refuses to allow him to do so, for love or money, except probably at an exorbitant price. The excuse is that it will endanger the running of its cars. The Court will take judicial notice of the fact (being common knowledge to all men) that gas can be so confined in pipes that it can be transported across this right of way in a perfectly harmless manner. In Jones, Easem. § 315, it is said that: "A right of way is never implied because it is convenient. It must be necessary for the reasonable enjoyment of the estate."—that is, the beneficial use and enjoyment. And in section 319: "But the fact that one has a right of way by grant or reservation, for a limited or special purpose, does not debar him from a way of necessity for all purposes." "A way of necessity arises by an implied reservation, * * * as well as by an implied grant." Section 306. It "presumes an understanding of the parties that one selling a portion of his land shall have a legal right of access to the remainder over the part sold, if he can reach it in no other way." "Even where one conveys to a railroad company a right of way through his land, he has a way of necessity over the land conveyed, so as to reach a part that is cut off by the railroad." Section 307. "The prevailing view in this country is that a way of necessity is not limited to such use of the land granted as was actually made or contemplated at the time of the conveyance, but is a way for any use to which the owner may lawfully put the granted land at any time." Section 323. "The way implied is usually one for all purposes for which the grantee may need to use it for the full enjoyment of the property conveyed" or retained. Section 324. "Such ways are implied in direct contradiction to the grantor's covenants of general warranty." Section 305. The implication of necessity is a mere fiction of the law for public policy, to secure to the owner the full enjoyment of his estate in grant or reservation, and which he would be otherwise entirely deprived of by the pure obstinacy of his grantor or grantee. This is a plain case of a dog in the manger. What it cannot eat it will not let others eat. It is certainly a matter of gratification that the law permits the polite removal of the obstruction. The cases relied on by appellee's counsel are not against, but rather in favor

of, this conclusion. The principal case of *United States Pipe-Line Co.* v. *Delaware, L. & W. R. Co.*, (N. J. Err. & App.) 41 Atl. 759, 42 L. R. A. 572, was an attempt by the pipe-line company to lay a pipe line for public use through the right of way of a railroad company, by reason of a private right of way reserved by the adjacent landowner. The court held that this could not be lawfully done, for the reason that: "The laying of these pipes in the roadway in no sense conferred a benefit on the lands to which the way was appurtenant, nor were the pipes adapted to facilitate or promote access between the two parcels of land to which the easement was appurtenant. They extend under ground the entire distance of the way, and are designed to be used as a part of a pipe line for the purpose of conveying oil." The injunction in this case limits the pipe line "to facilitate or promote access between the two parcels of land to which the easement was appurtenant," and it confers "a benefit on the lands," and is an absolute necessity to their reasonable and proper enjoyment by the owner thereof. For these reasons the judgment of the circuit court is reversed, the injunction is so modified as to strike out the words "and oil," making it apply to gas alone, and the cause is remanded to the circuit court to be further proceeded in according to the rules and principles governing courts of equity.

BRANNON, JUDGE:

I concur for the reason that I think the crossing reserved in the right of way deed gives the right to put in the piping. Though such a use of that crossing may not have been dreamed of at the date of the deed, yet the crossing was for use for any purpose which might thereafter be called for in the conveyance from the land of its products—whether a wagon carrying wheat or coal, or a pipe or other appropriate means of carrying gas—so it did not practically impair the use of the right of the railroad to use its track. If you say this reserved crossing does not include the right to this pipe easement, because it was not thought of, then how can you concede the right for the same use at other points in the line of right of way? Neither was it thought of then. It grows only from implication. Counsel, after I had written this note, cited *United States Pipe-Line Co.* v. *Delaware, L. & W. R. Co.* (N. J. Err. & App.) 41 Atl. 759, 42 L. R. A. 572, to show that, under a right of way reserved, an oil pipe cannot be laid; but that was where a third party wanted to lay it for conveyance of oil for the public, not an owner of land to convey the product of his land, for which the right was reserved. It may be that, if that res-

ervation of a crossing were absent, there would be a right of way of necessity.    In *Watts* v. *Railroad Co.*, 39 W. Va. 203, (19 S. E. 521) 23 L R. A. 674, I indicated that where no crossing is reserved none exists; but that opinion did not relate to a way of necessity.    Where there is no other ingress or egress, save over the track, a way of necessity may exist; but, it not being necessary to base the decision on that, I prefer to reserve that question.    3 Elliott, R. R , § 1138, questions whether a grant of a strip for a railroad gives impliedly a right to a crossing between the parts of the land severed by it, by implication.    I do not think it would for mere convenience.    It might from necessity.    It is as clear that a way of necessity may be regarded as reserved by implication to one who conveys one tract, or part of one, retaining the other or balance, as it is conferred by implication in favor of a grantee under proper circumstances.    See cases cited in Jones, Easem. §§ 306, 307, 3 Elliott, R. R. supra; *Carbrey* v. *Willis*, 83 Am. Dec. 688, and note; *Elliott* v. *Rhett*, 57 Am. Dec. 750, and full note.    Can the party make a pipe line wherever he chooses, and endanger the road?

*Reversed.*