# CHARLESTON

SCOTT LUMBER COMPANY *v.* WOLFORD *et al.*

Submitted June 17, 1907.   Decided November 12, 1907..

EMINENT DOMAIN—*Nature and Extent of Power.*

A condemnation proceeding in which the principles announced· in *Hench* v. *Pritt,* decided June, 1907, are reaffirmed and applied.. (p. 555.)

Error to Circuit Court, Tucker County.

Action by the Scott Lumber Company against Charles. Wolford and others. Judgment for plaintiff, and defendants. bring error.

*Reversed.*

CUNNINGHAM & STALLINGS, for plaintiffs in error.

J. WM. HARMAN, for defendant in error.

MILLER, JUDGE:

The Scott Lumber Company, a copartnership, owning timber land in Canaan Valley of Tucker county, filed its petition· in the circuit court under section 69 chapter 54, Code 1899, to· condemn for three years a right of way ten feet wide. through the lands of the defendants for a railroad to be constructed of steel and wood from and intersecting the Dry Fork Railroad near the mouth of Spring Run to their timber lands, a.

distance of not more than twelve miles, which it is alleged will be of public utility and needful and useful for the transportation to market of timber and other products from the territory traversed by the proposed route, which is claimed to be the only practicable one. The petitioners allege their inability to agree with the defendants on the price of the land proposed to be taken, but that they are ready and willing to pay to Hettie Wolford $100 and to Charles Wolford $125 for the right of way to be taken from them respectively. They pray that commissioners be appointed to ascertain a just compensation for said right of way, and for further proceedings in conformity to law.

The defendants, by demurrer and answer, contested the right of condemnation upon constitutional grounds, claiming that the petition showed an attempt to take their land for private and not public use. The circuit court ruled adversely to the defendants; and, the defendants not accepting the offer of a trial by jury on the question of damages and public utility, the court overruled their exceptions to the report of commissioners appointed awarding $50 damages to each and finding upon the evidence of witnesses examined by them the proposed road to be of public utility and the proposed route the only practicable one, and judgment of condemnation was rendered accordingly.

This case is controlled in all respects by the case of *Hench* v. *Pritt*, recently decided by this Court; and, although urged to reconsider and overrule that case as being inimical to the great business interests of the state, we are not disposed in doing so to ignore the constitutional inhibition and the rights of private property protected thereby, as defined by prior decisons. We therefore reverse the judgment of the circuit court.

*Reversed.*