**James P. WELLS et al., Plaintiffs,**

**v.**

**AIR PRODUCTS AND CHEMICALS, INC., a corporation, Defendant.**

**Civ. A. No. 68–38–W.**

United States District Court, N. D. West Virginia, Wheeling Division.

May 21, 1974.

John B. Garden, Bachmann, Hess, Bachmann & Garden, Wheeling, W. Va., for plaintiffs.

Robert W. Lawson, Jr., Steptoe & Johnson, Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

The above-styled action, initially commenced in the Circuit Court of Marshall

County, West Virginia, was removed to this Court upon motion of the defendant, Air Products and Chemicals, Inc. (hereinafter referred to as "Air Products"). Plaintiffs herein seek to permanently enjoin the defendant from maintaining gas transmission lines over their property in the right-of-way of West Virginia State Route 2, in Franklin District of Marshall County, West Virginia, and to recover damages in the amount of $10,000. The lines are maintained pursuant to a permit issued by the State Road Commission. The parties hereto have stipulated all relevant facts involved herein and have submitted the case to the Court for determination thereon. Both parties also submitted legal memoranda.

The Court, having carefully reviewed the facts herein and the law applicable thereto, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiffs, James P. Wells, Rita N. Wells, Mary Katherine Wells and James Patton Wells, Committee for William Wells, an incompetent person, are citizens and residents of the State of West Virginia. Plaintiffs, James K. Ulrick and Betty Ulrick, are citizens and residents of the State of Ohio.

2. The defendant is a corporation chartered, organized and existing under the laws of the State of Delaware, having its principal place of business in Allentown, Pennsylvania.

3. Plaintiffs are the owners of a certain parcel of real estate situated in Franklin District of Marshall County, West Virginia, containing approximately 85.36 acres. In 1927 and in 1955 the State Road Commission of West Virginia acquired by eminent domain a right-of-way for road purposes through said acreage.

4. The State Road Commission has constructed the paved portion of West Virginia State Route 2 over the aforesaid right-of-way. Said right-of-way is approximately 40 feet in width, extending 20 feet on each side of the centerline of said State Route 2. The paved portion of Route 2 is approximately 18.06 feet in width, extending approximately 9.03 feet on each side of the centerline.

5. The defendant is the owner of the property situated south of the property owned by the plaintiffs, over which said right-of-way runs, and abuts on the west side of the right-of-way for West Virginia State Route 2.

6. Under a permit dated October 17, 1967, and issued under the provisions of West Virginia Code 17–16–6, the defendant was authorized to construct certain transmission lines within the right-of-way acquired from the plaintiffs for West Virginia State Route 2 and to the west of the paved portion thereof.

7. Pursuant to the aforesaid permit, the defendant installed a gaseous oxygen transmission line four inches in diameter and a gaseous nitrogen transmission line six inches in diameter over and within said right-of-way. Said lines were installed during the period commencing May 8, 1968, and extending through July 30, 1968. Both lines pass through the State Road Commission right-of-way over the plaintiffs' property for approximately 1,212 feet. The four-inch line became operable on August 10, 1968, and the six-inch line on August 11, 1968. At present only nitrogen is supplied through the six-inch line. The four-inch oxygen line is not in use.

8. The lines in question run northward from defendant's plant to the manufacturing plant of Pittsburgh Plate Glass Company, now PPG Industries (hereinafter referred to as "PPG"), located north of the property of plaintiffs. Both the defendant and PPG are private business enterprises. Air Products is engaged in the production of chemical and related products for profit. Both Air Products and PPG sell their products in the market generally and neither are public utilities.

9. The purposes served by the permit issued to the defendant by the State

Road Commission were strictly private and were in no way in the public interest or for the benefit of the public generally.

## THE ISSUE PRESENTED

The sole issue presented herein is whether the permit issued by the State Road Commission of West Virginia on October 17, 1967, granting defendant a license to construct transmission lines within the right-of-way acquired from plaintiffs for West Virginia State Route 2 was legal and valid. It is this Court's opinion that the State Road Commission was not authorized under West Virginia Code 17–16–6 to grant the permit in question and that said permit is invalid.

The interest which the State Road Commission acquired in the Wells property was a right-of-way for road purposes. A right-of-way is an easement only. Uhl v. Ohio River R. Co., 47 W.Va. 59, 34 S.E. 934. An easement is the right one person has to use the land of another for a specific purpose and is a distinct estate from the ownership of the soil itself. Kelly v. Coal Co., 135 W.Va. 594, 64 S.E.2d 606. The state cannot grant, by permit or otherwise, any right or property by virtue of such an easement which would place upon the fee in the land a burden greater than that which is necessarily included within a grant of an easement for public road purposes. To allow otherwise would be tantamount to deprivation of property without just compensation in violation of constitutional provisions. Herold v. Gas Co., 141 W.Va. 182, 90 S.E.2d 451 (1955).

The West Virginia Supreme Court has been called upon on several occasions to determine the nature and extent of an easement for public road purposes. In Hark v. Lumber Co., 127 W.Va. 586, 34 S.E.2d 348 (1945), the issue raised was whether a steam tramway constructed on a public road easement but used solely for private purposes and private benefit was a trespass on the plaintiffs' land which entitled the

plaintiffs therein to injunctive relief. The defendant therein had attempted to negotiate with the plaintiffs for a right-of-way across the plaintiffs' land for the tramway. Failing to secure the right-of-way from plaintiffs, defendant, with the passive assent of the State Road Commission and more or less under the supervision of an employee of the State Road Commission, constructed the tramway on the public road through plaintiffs' land. There had been no formal grant or dedication of this road to public use, but it was conceded that it had been used as a public way for 30 years. Public funds had been used to maintain the road. The Supreme Court held that the interest acquired by the state in the property was limited to an easement for a public road and that the construction of the tramway on the easement was an additional and illegal servitude upon the servient estate amounting to a trespass. The Court concluded that . . . "private property can never be seized under the power of eminent domain for merely private purposes, and that roads and streets are held for the public use and never for permanent private purposes."

A similar question was again raised in Thacker v. Ashland Oil & Refining Company, 129 W.Va. 520, 41 S.E.2d 111. Plaintiff therein brought an action against defendant seeking to declare the permit granted by the State Road Commission unlawful. That permit allowed defendant, who was not a public utility or a public service corporation but was engaged in a private business, the authority to operate and install pipelines under and along the roadbeds of public highways. The Court therein distinguished the case from Hark v. Mountain, supra, and upheld the permit. Two of the major distinguishing factors which were critical to that decision are equally applicable to the instant case. In *Thacker* the State owned the property in fee simple. In *Hark* and in the instant case, the State Road Commission had only acquired an easement for public road purposes. In *Thacker* the complaining party was not injured in a man-

ner other and different from the public generally, while in the *Hark* case and in the instant case the permit created an additional burden on plaintiffs' subservient property, directly injuring both plaintiffs.

The most recent case and one in which the issue was quite similar is Herold v. Gas Company, supra. In the *Herold* case, the State Road Commission had only an easement in the public roadbed. It issued a permit authorizing the construction and maintenance of a gas line under U. S. Route 19. The pipeline ran from a private producer of natural gas, Hamilton Gas Corporation, to Hope Natural Gas Company, a public utility. The Court, in that case, upheld the permit finding that the nature and extent of a public easement in a highway is not limited to the uses in vogue at the time of its acquisition but includes new and improved methods which are afterward discovered and developed in the aid of the general purpose for which highways are designed. However, the Court concluded its discussion (page 195 of the opinion) with the following pertinent observation:

". . . Neither are we saying that such use of an easement for *strictly private purposes* would not create an additional burden on the fee, or give rise to a cause of action for damages in favor of the owner of the fee." (Emphasis supplied)

The last quoted statement best reflects sound reasoning and is consistent with fundamental and long established principles of property law in this jurisdiction. If a public utility had not been involved, doubtless the decision would have been otherwise. The defendant herein is a private business enterprise. The lines extend from the property of Air Products to PPG, also a private business enterprise. No public utility or public service corporation is involved. The general public receives no benefits therefrom.

The statute under which the permit was issued is West Virginia Code, Chapter 17, Article 16, Section 6, and provides in part as follows:

§ 17-16-6. Permit by commission or county court for openings in or structures on public roads; franchises and easements of oil, etc., transportation companies.

"No opening shall be made in any State or county-district road or highway, nor shall any structure be placed therein or thereover, nor shall any structure, which has been so placed, be changed or removed, except in accordance with a permit from the state road commission or county court, as the case may be. No road or highway shall be dug up for laying or placing pipes, sewers, poles or wires, or for other purposes, and no trees shall be planted or removed or obstructions placed thereon, without the written permit of the commission or county court, or its duly authorized agent, and then only in accordance with the regulations of the commission or court. The work shall be done under the supervision and to the satisfaction of the commission or court; and the entire expense of replacing the highway in as good condition as before shall be paid by the persons to whom the permit was given, or by whom the work was done: Provided, however, that nothing herein contained shall be so construed as to prevent any oil or gas company or person having a proper permit or franchise from transporting oil or gasoline along any of the public highways of this State, nor to give such company a franchise without paying to the landowners through whose lands such road passes the usual and customary compensation paid or to be paid to the landowners for such right of way. Any grant or franchise when made shall be construed to give to such company or person only the right to use the easement in such public road.

Defendant contends that under the code section hereinbefore set forth the grant of a permit does not have to

be made to a public utility. The Court concurs with that interpretation. However, when the State has only acquired an easement and thereafter grants a permit to a private individual or corporation for construction therein or thereover, the purpose served thereby must be strictly a public use and not private. In the instant case, there is no dispute that the corporations involved are private business enterprises. The fact that they sell to the public generally does not serve to convert the purpose for which the permit was granted to that of public use. If that were true, then the State Road Commission would have free license to grant to any individual or company a permit to put an installation on or under its easements so long as that individual or company manufactured or handled some product which was sold on the market. Such an extension of the nature and limits of a public easement in a highway is contrary to settled law. It is beyond the scope and power of the legislature to grant the State Board Commission statutory authority to so act. The power to take private property for private use without the consent of the owner cannot be conferred by statute. Hark v. Lumber Co., supra; Hench v. Pritt, 62 W.Va. 270, 57 S.E. 808; Scott Lumber Co. v. Wolford, 62 W.Va. 555, 59 S.E. 516.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this matter under the provisions of 28 U.S.C. § 1331.

2. The Court is required to apply the law of the State of West Virginia. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188.

3. The interest acquired by the State Road Commission in the property owned by plaintiffs herein was an easement for road purposes.

4. The State cannot grant any right or property by virtue of such easement to a private person or company which would place upon the fee in the land a burden greater, or in addition to, that which is necessarily included within a grant of an easement for public road purposes. To permit otherwise would deprive the plaintiff of his property without just compensation. Herold v. Gas Company, supra.

5. The public easement lawfully acquired by the State cannot be broadened to include the private and exclusive right in the defendant to install and maintain the lines in question.

6. The power to take private property for private use without the consent of the owner cannot be conferred by statute. The State Road Commission had no authority to grant to the defendant herein a permit to occupy a portion of a public road by private transmission pipelines. The lines in question having been constructed on a public road easement and being used solely for private purposes and private benefit are an additional servitude upon the servient estate amounting to a trespass.

7. The plaintiffs herein are entitled to a permanent injunction restraining defendant from continuing to use the transmission lines. The plaintiffs are further entitled to immediate removal of said lines from their said property.

8. No special damages to the estate of the plaintiffs in the land have been shown, and accordingly no damages are assessed.

## ORDER

In accordance with the findings and conclusions above set out, the defendant is hereby enjoined and prohibited from continuing its use of the pipelines in question and is required to remove same from plaintiffs' property within a reasonable time from the date hereof, and it is so ordered.