MARY R. BRODERICK, Respondent, *v.* BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellant, Impleaded with HENRY MULLEN, Defendant.

Second Department, February 21, 1919.

Negligence — action for personal injuries — evidence — medical testimony — objection to question as improper in form and calling for incompetent testimony — erroneous admission of evidence to the effect that plaintiff's injury was caused by accident and statement by court that it would so charge.

Where, in an action for personal injuries, the question at issue was whether the condition from which the plaintiff was suffering at the time of the trial resulted from the accident, or was the result of some organic trouble not caused thereby, it was error to allow the attending physician upon re-examination to answer the following question, "Did she have any oedema of the legs that came from any other cause than the accident?" as it permitted the witness to usurp the functions of the jury.

An objection to such question that it was improper in form and called for incompetent testimony was sufficiently specific.

It was reversible error for the court to permit a witness to testify that the plaintiff's oedema was caused by the accident and to subsequently declare that plaintiff's proof established this fact, so that the court would charge

it as a matter of law, and such error was not cured by a subsequent charge.

A party to an action is entitled to a determination by the jury on the question of the credibility of the witnesses uninfluenced by the opinion of the court.

APPEAL by the defendant, Brooklyn, Queens County and Suburban Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 2d day of March, 1918, upon the verdict of a jury for $7,250, and also from an order entered in said clerk's office on the 10th day of April, 1918, denying defendant's motion for a new trial made upon the minutes.

*Harold L. Warner* [*George D. Yeomans* with him on the brief], for the appellant.

*Henry M. Dater* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondent.

JAYCOX, J.:

The plaintiff was injured by stepping into a hole while alighting from a car of the defendant. The evidence given upon the trial as to the manner in which the accident happened fully justified a finding of the defendant's liability. One of the seriously litigated questions was: Did the condition from which the plaintiff was suffering at the time of the trial result from this accident, or was it the result of some organic trouble not caused by the accident? This question was closely contested, and the plaintiff in support of her contention called her attending physician and two other doctors who testified as experts. The defendant called an equal number of doctors, who qualified and testified as experts. The testimony of these two groups of doctors presented a sharp conflict.

When the attending physician was upon the stand, upon redirect examination he was asked: " Did she have any oedema of the legs that came from any other cause other than the accident? " This was objected to as improper in form and calling for incompetent testimony. The objection was overruled and an exception taken. The witness answered, " No." This was the question the jury was to determine, and it per-

mitted the witness to usurp the functions of the jury. (*Marx v. Ontario Beach H. & A. Co.*, 211 N. Y. 33, 38.) The respondent does not claim that the question was correct in form. She claims, however, that the objection was not sufficiently specific to call attention to the point involved. As the objection was to the form of the question, the attention of the court was directed to that very proposition.

Thereafter the plaintiff completed her medical testimony and called lay witnesses who testified to her physical appearance prior to the accident. Among them was a brother of the plaintiff, and he was interrogated as to the number of plaintiff's brothers and their ages. Objection was made to this line of testimony, and during a colloquy which ensued the court stated: "I shall charge the jury that they have to find from this evidence that prior to the accident she was a well woman and that the accident was the cause of her condition today." This was duly excepted to. Before this the witnesses had been examined as to causes other than trauma that were competent producing causes for the condition from which the plaintiff was then suffering. Upon redirect examination the plaintiff endeavored to eliminate all causes for the plaintiff's condition suggested by the cross-examination. The result of this examination presented a question for the jury. With this situation before it, the court permitted a witness to testify that the oedema from which the plaintiff was suffering resulted from this accident and then declared that he would charge the jury to the same effect. That the admission of the evidence and the remarks of the court were both errors cannot be seriously disputed. Their effect was cumulative — one supports and enforces the other. The statement of the court emphasizes the testimony of the plaintiff's witness, and asserts that plaintiff has established her cause as a matter of law. The witnesses presented by the plaintiff were all interested witnesses and the weight and credit to be given to their testimony was for the jury to determine, uninfluenced by the court's opinion. These remarks constituted reversible error. (*Peterson* v. *Eighmie*, 175 App. Div. 113; *Swan* v. *Keough*, 35 id. 80; *Davison* v. *Herring*, 24 id. 402; *Hogan* v. *Central Park, N. & E. R. R. R. Co.*, 124 N. Y. 647; *People* v. *Brow*, 90 Hun, 509, 512.)

In the cases cited the remarks complained of were all derogatory of counsel for the unsuccessful party or of the case made out by that party, while the remarks here complained of are commendatory of the case of the successful party. But this is of no moment. If a judge by his remarks deprives a litigant's case of the force and effect to which it is entitled or gives it a weight and credit to which it is not entitled, the effect is the same. It deprives one party or the other of the opportunity of having his case passed upon by a jury uninfluenced by the court's opinion.

In this case, as in some of the cases cited, there is nothing to indicate that the court had any intention of being unfair. The fact is that in this case the court was eminently fair, and was only endeavoring to shorten the trial by the remark complained of. This, however, gives to an erroneous remark of this character additional weight and renders it more likely to sway the jury. " A party to an action is entitled to a determination of the jury on the question of the credibility of witnesses uninfluenced by the opinion of the court." (*People* v. *Brow, supra.*)

The defendant was deprived of that right in this case. The court unintentionally passed upon that, in this case, when he used the remarks above quoted. The subsequent correct charge did not cure this error. It merely gave the jury the right to determine the question of the preponderance of the proof. The court had permitted a witness to testify that the plaintiff's oedema (her serious trouble) was caused by the accident, and had subsequently declared that plaintiff's proof established this fact, so that the court would charge it as a matter of law. Under these circumstances, I think the defendant had little opportunity of convincing the jury that plaintiff's condition did not result from the accident.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.