■ JOSEPH SCALA, Plaintiff, v. SALVATORE SCALA et al., Doing Business as SCALA BROS., et al., Defendants and Third-Party Plaintiffs-Respondents. WILLIAM SCHREIBER et al., Third-Party Defendants; UNITED STATES FIDELITY AND GUARANTY COMPANY, Third-Party Defendant-Appellant.— In an action by an employee of a subcontractor, against the general contractors and another, to recover damages for personal injury allegedly sustained as the result of the negligence of said defendants, the general contractors (Scala Bros.) served a third-party complaint against their liability insurance carrier (the United States Fidelity and Guaranty Company) and others. The carrier had disclaimed liability, and in the third-party action the issue presented insofar as that action was between the general contractors and the carrier, was whether the general contractors (Scala Bros.) had given notice of the accident " as soon as practicable ", as required by the policy. The third-party action as between the general contractors and the carrier was severed and there was a separate trial of that issue which resulted in a jury's verdict in the general contractors' favor. The carrier (United States Fidelity and Guaranty Company) appeals from the order of the Supreme Court, Queens County, dated February 28, 1962, entered on that verdict, which provided: (1) that the carrier was obligated under its policy to defend the general contractors (Scala Bros.) in the main action and to pay any judgment, within the limits of the policy, rendered against them in that action; and (2) that the claim for damages against them, asserted in the main action, was covered by said policy of insurance. Order reversed on the law and the facts, and a new trial granted, with costs

to abide the event. It is undisputed that Scala Bros. (the general contractors) were aware of the accident, which gave rise to the main action, within two days of its occurrence but that notice thereof was not given by them to the carrier until almost one year thereafter. The excuse for the failure to give earlier notice was the assureds' (Scala Bros.) alleged lack of knowledge of the fact that there was coverage, under their liability insurance policy, for the claim asserted against them. However, while delay in giving notice may be excused if there was a *justifiable* lack of knowledge of coverage (*Mason* v. *Allstate Ins. Co.*, 12 A D 2d 138, 147), that issue was not submitted to the jury; the court charged merely that the jury could bring in a verdict in favor of Scala Bros. if it found that Scala Bros. did not know that they had coverage. Even if it be assumed that the exceptions at the trial were not sufficient to point out the error in the charge, we are of the opinion that in the interests of justice the verdict should not be permitted to stand (cf. *Nicotra* v. *John Hancock Mut. Life Ins. Co.*, 268 App. Div. 1004). We are also of the view that the charge and the court's comments during the trial were so prejudicial to the carrier's defense as to deprive it of a fair trial (cf. *Broderick* v. *Brooklyn, Queens County & Suburban R. R. Co.*, 186 App. Div. 546, 549; *Romatowski* v. *Greenman*, 16 A D 2d 982). [For prior related decisions, see *Scala* v. *Scala*, 13 A D 2d 968, 969; *Scala* v. *Bass*, 23 Misc 2d 83; *Scala* v. *Schreiber*, 17 Misc 2d 981.] Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.