OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a declaratory judgment action wherein Aetna Casualty & Surety Company and its insured, Siwek Contractors, Inc., a defendant in the underlying action, seek a declaration that Lumbermens Mutual Insurance Company is obligated to defend G.M.C. Sheet Metal & Air Conditioning Corp., another of the defendants in the underlying action. The matter comes before the court on an agreed statement of facts. The main underlying action seeks to recover for property damage allegedly sustained by plaintiff Gaby’s By Rachel, Inc. on July 13, 1982, as the result of the negligence of Siwek and G.M.C., which caused water leakage from an air conditioning system at Gaby’s premises, located at 120-16 Liberty Avenue, Richmond Hill, New York.
On the date in question, Gaby’s was engaged in the business of selling women’s clothing and accessories. In April of 1981, Gaby’s had retained Siwek Contractors to perform certain renovation work, including the installation of an air conditioning system, at said premises. Siwek Contractors in turn retained G.M.C. Sheet Metal & Air Conditioning Corp. to install the air conditioning system, and G.M.C. performed that work.
On or about February 3, 1983, Gaby’s served a summons with notice upon Siwek Contractors. By stipulation dated April 4, 1983, the caption of the action was changed to add G.M.C. Sheet Metal & Air Conditioning Corp. as a defendant, and' the amended summons was deemed accepted. Issue was joined between Gaby’s and G.M.C. Sheet Metal & Air Conditioning Corp. on or about December 13, 1983, when it appeared and answered the complaint by its lawyer, Ira S. Levine, Esq.
Thereafter, in November 1984, Mr. Levine sent a letter to *888 Lumbermens advising it that he just determined that his client (G.M.C.) had a policy of insurance with Lumbermens, and requested that it take over the defense. On January 21, 1985, Lumbermens wrote to G.M.C. acknowledging Mr. Levine’s letter and advising G.M.C. that it had declined to take over the defense of the action because of the delay in notifying it of the loss and the claim. It pointed out the provision in the policy which required its insured to “immediately forward” to it “every demand, notice, and summons” in connection with the claim. It noted, in its letter to G.M.C., that the date of loss was July 13, 1982 and that the first notice that it had of the claim against G.M.C. was in November 1984 by reason of the information conveyed in Mr. Levine’s letter of November 20th.
The courts of the State have uniformly held that absent a valid excuse, the failure of an insured to comply with a provision of a liability policy requiring that notice be given "as soon as practicable” after an accident or occurrence vitiates the policy and the insurer’s obligation to defend the insured and pay the claim up to the amount of the policy (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Eveready Ins. Co. v Levine, 145 AD2d 526). It has been held that the requirement of giving such a notice is valid and enforceable in order to give a carrier the opportunity to protect itself, for without such timely notice, " 'an insurer may be deprived of the opportunity to investigate a claim and is rendered vulnerable to fraud.’ ” (Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576.)
In the matter at bar it is no excuse that G.M.C. belatedly discovered it had a policy covering the loss issued by Lumbermens, especially when the discovery took place 2Vi years after the event. The court cannot accept the excuse that an insured, who claims the benefits of an insurance policy, did not know for more than 2Vi years that such a policy existed. The insurance company is severely prejudiced by this delay. It would be difficult, at this stage, to make the kind of investigation that it could have made back in 1982 when the loss occurred. Without such timely notice, Lumbermens has been deprived of the opportunity to investigate the claim and may be rendered vulnerable to fraud.
In view of the foregoing, this court holds that the failure of the insured G.M.C. to give notice of the incident for over 19 months constitutes an unreasonable period of time, and as such is a breach of the policy provision requiring that notice be given "as soon as practicable.”
*889 Up to this point, there is nothing novel or unusual in the position of Lumbermens with respect to G.M.C. Simply stated, if the policy was valid on the date the loss occurred, late notice of the loss relieves Lumbermens from its obligation it might have had to defend G.M.C. had the notice been timely. But there is a twist in this matter, raising a question of first impression for the court to decide.
Aetna Casualty & Surety Company is the insurer for Siwek Contractors. It is actually Aetna who has brought this declaratory action in its own name and in the name of its insured, Siwek Contractors. Aetna argues that Lumbermens still has the obligation to defend G.M.C., despite G.M.C.’s failure to notify Lumbermens of the claim against it, because of the operation of a statute.
The argument of Aetna is that the plaintiff in the underlying action, Gaby’s By Rachel, Inc., was deprived of its statutory right to notify Lumbermens of its claim against G.M.C. so as to invoke Lumbermens obligation to defend Gaby’s claim against G.M.C. Aetna further argues that up until the time of the Levine letter of November 1984, Gaby’s had no knowledge that it could compel Lumbermens to defend G.M.C. Section 3420 (a) (3) of the Insurance Law reads that every policy of casualty insurance covering losses for personal injury or property damages shall contain the following provision: "that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.”
Section 3420 (a) (4) of the Insurance Law provides that a late notice by such a claimant will not invalidate such a claim if the notice of the claim to the insurer was given as soon as reasonably possible and that this right belongs to a claimant who has been injured. (Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564.)
Thus, the argument of Aetna in this declaratory judgment action is that the letter of Mr. Levine, of December 1984, was not only the notice of G.M.C. who was being sued by Gaby’s By Rachel, but notice under Insurance Law § 3420 (a) (3) that Gaby’s By Rachel had a claim against G.M.C. as well, which Lumbermens was obligated to defend, since Gaby’s first notice of a policy of insurance was by the same letter.
The difficulty with Aetna’s position is that under the stat *890 ute, it has no standing to make such a claim. The statute is specific that it gives the right to demand a defense and payment only to "an injured person or any other claimant.” By no stretch of the imagination could such a definition include an insurance company defending a codefendant or the codefendant itself. Aetna’s position is that of a usurper of an injured party’s right and has no merit. As noted, the right belongs to the claimant (Lauritano v American Fid. Fire Ins. Co., supra). The fact that Gaby’s has not claimed that right and has not taken any position in this declaratory judgment action does not operate to permit Aetna to speak for it.
Were I not to decide this matter on the merits as I have done, I would still dismiss same because of Aetna’s gross loches in its handling of this matter. It appears that the original action of Gaby’s is still not resolved to its prejudice because the question of G.M.C.’s insurance coverage has not been decided up to this point in time. The alleged damage to Gaby’s took place in July 1982, due to an improper installation that took place in June 1981. Gaby’s began its action by service of the complaint on Siwek in February 1983, and chose New York County as venue for the action. So far as I know, that action is still pending, awaiting the decision of this court in this action. Only in November or December of 1987, some 5 years after Gaby’s alleged claim arose, more than 3 Vi years after Gaby’s began its action in New York County, and 2 Vz years after learning of Lumbermens’ disclaimer did Aetna decide to bring its claim for declaratory relief involving coverage. Now, 10 years after issue was joined in that underlying action and 5 years after joinder of issue in this declaratory judgment action, the matter appears for trial, and counsel agree that there is no disputed issues of fact. For some unknown reason, Aetna has never chosen to move for summary judgment by which this case could have been disposed of perhaps five years ago. For some unknown reason, Aetna had chosen to bring this action in Queens County when the underlying action was pending in New York County, where the two actions could have been assigned to the same Judge.
Basically, this dispute involves two insurance companies in which Aetna seeks a declaration from the court. In its moving this case along, Aetna has progressed with the same speed as its namesake, Mt. Aetna in Sicily, a dormant volcano which occasionally erupts every few years. The extraordinary and unnecessary delay cannot be allowed to pass without some judicial comment. However, since Gaby’s has asked for no *891 sanctions against Aetna for its bringing this action and the subsequent delay, I choose not to impose sanctions.
For the reasons stated above, I find that Lumbermens is not obligated to defend G.M.C. and the complaint of Aetna Casualty & Surety Company and Siwek Contractors, Inc., is dismissed.