# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

FILED
November 10, 2015
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 14-0343

**THE TRAVELERS INDEMNITY COMPANY,**
Defendant Below, Petitioner

**V.**

**U.S. SILICA COMPANY,**
Plaintiff Below, Respondent

Appeal from the Circuit Court of Morgan County
Honorable Andrew N. Frye, Jr., Judge
Civil Action No. 06-C-2

**REVERSED AND REMANDED**

Submitted: September 15, 2015
Filed:  November 10, 2015

Jeffrey M. Wakefield
Erica M. Baumgras
Flaherty Sensabaugh Bonasso PLLC
Charleston, West Virginia
Frank Winston, Jr.
John R. Casciano
Christopher M. Dougherty
Steptoe & Johnson LLP
Washington, District of Columbia
Attorneys for the Petitioner

Charles F. Printz, Jr.
J. Tyler Mayhew
Bowles Rice LLP
Andrew R. Stanton
John T. Waldron, III
Paul C. Fuener
K&L Gates LLP
Pittsburgh, Pennsylvania
Attorneys for the Respondent

Herschel H. Rose, III
Rose Law Office
Charleston, West Virginia
Attorney for Amici Curiae,

David L. Yaussy
Robinson & McElwee PLLC
Charleston, West Virginia
Attorney for Amicus Curiae,

Complex Insurance Claims Association
  and American Insurance Association

West Virginia Manufacturers
  Association

Jill Cranston Rice
Andrew T. Kirkner
Dinsmore & Shohl, LLP
Charleston, West Virginia
Attorneys for Amicus Curiae,
West Virginia Insurance Federation

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. The satisfaction of the notice provision in an insurance policy is a condition precedent to coverage for the policyholder.

2. "In cases which involve liability claims against an insurer, several factors must be considered before the Court can determine if the delay in notifying the insurance company will bar the claim against the insurer. The length of the delay in notifying the insurer must be considered along with the reasonableness of the delay. If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim. If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy and the insured barred from making a claim against the insurance company. If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify." Syllabus point 2, *Dairyland Insurance Co. v. Voshel*, 189 W. Va. 121, 428 S.E.2d 542 (1993).

i

**Davis, Justice:**

The petitioner herein and defendant below, the Travelers Indemnity Company ("Travelers"), appeals from an order entered March 5, 2014, by the Circuit Court of Morgan County. By that order, the circuit court denied Travelers' alternative post-trial motions for judgment as a matter of law or a new trial following the court's entry of a jury verdict against Travelers, and in favor of the respondent herein and plaintiff below, U.S. Silica Company ("U.S. Silica"), in the amount of $8,037,745. By its March 5, 2014, order, the circuit court also awarded U.S. Silica attorney's fees and prejudgment interest. On appeal to this Court, Travelers raises numerous assignments of error. Upon a review of the parties' arguments, the record designated for appellate consideration, and the pertinent authorities, we reverse the decision of the Morgan County Circuit Court and remand this case for entry of an order granting Travelers' post-trial motion for judgment as a matter of law. In summary, we conclude that the circuit court erred by not finding that the late notice provided by U.S. Silica precluded coverage under the subject Travelers policies.

## I.

## FACTUAL AND PROCEDURAL HISTORY

U.S. Silica mines and processes silica sand. During its history, U.S. Silica has been owned and operated by various entities: Pittsburgh Glass Sand Company ("PGS"), International Telephone and Telegraph Corporation ("ITT"), Pacific Coast Resources

1

Company ("Pacific Coast"), and U.S. Borax, Incorporated ("Borax"). Its current name, U.S. Silica, was adopted in 1986.

As a producer of silica sand, U.S. Silica, as well as its predecessors, has been named as a defendant in numerous silica claims seeking damages for injuries allegedly caused by exposure to silica sand. The first silica claims were filed against U.S. Silica when it was known as PGS in 1975. Thereafter, when ITT sold the company to Pacific Coast on September 12, 1985, ITT provided an indemnity agreement to indemnify Pacific Coast for these, and other, silica claims. Under the terms of the indemnity agreement, ITT agreed to (1) reimburse 100% of the defense and settlement costs for silica claims with exposure entirely before September 12, 1985, and (2) reimburse a portion of the defense and settlement costs for silica claims with exposure both before and after September 12, 1985. For silica claims with exposure entirely after September 12, 1985, ITT provided no indemnity. On September 12, 1995, ITT's indemnity agreement was assigned to U.S. Silica. Although the original indemnity agreement expired on this date, it was extended for an additional ten years, with a new expiration date of September 12, 2005. Throughout this period, numerous silica claims were filed in which U.S. Silica, and/or its predecessors, was named as a defendant. From the record in this case, it appears that U.S. Silica incurred the majority of its unreimbursed defense and settlement costs related to silica claims between 2001 and 2005.

Upon the expiration of the ITT indemnity agreement, U.S. Silica reviewed its policies of insurance to determine whether any coverage existed to pay its unreimbursed silica claims costs. Although due diligence searches had been performed at various points during U.S. Silica's history in conjunction with its ownership changes, three policies of comprehensive general liability insurance purchased by PGS from the Travelers Insurance Company and the Travelers Indemnity Company were not discovered in U.S. Silica's insurance files until September 2005. The first policy was in effect from April 1, 1949, until April 1, 1952; the second policy period ran from April 1, 1952, until April 1, 1955; and the third policy was in effect from April 1, 1955, until April 1, 1958. Upon discovery of these policies, U.S. Silica sent Travelers a letter on September 20, 2005, informing Travelers of the silica claims and requesting coverage under these Travelers policies for out-of-pocket expenses. On November 22, 2005, U.S. Silica sent Travelers another letter; in this correspondence, U.S. Silica sought reimbursement of its pre-September 12, 2005, settlement and defense costs and requested a defense for newly-filed silica claims. Having received no response, U.S. Silica filed the instant declaratory judgment action against Travelers[1] on January 6, 2006, in the Circuit Court of Morgan County.

As a result of similar litigation pending in New York and California, the instant

---

[1]U.S. Silica also named other insurance companies as defendants in its declaratory judgment action, but those entities settled their coverage disputes and are not parties to this appeal.

3

proceeding was stayed. During this time, however, U.S. Silica provided Travelers with claims data regarding the silica claims for which it had requested coverage and sent Travelers copies of complaints in newly filed silica claims. Continued requests for coverage ensued, and, on September 24, 2008, U.S. Silica sent Travelers copies of the complaints filed in the hundreds of silica claims for which it seeks coverage in the case *sub judice*. On August 3, 2010, Travelers sent U.S. Silica a reservation of rights letter denying coverage and a defense for all of the pre-2010 silica claims citing numerous grounds, including questioning the authenticity of the insurance policies and U.S. Silica's status as a successor to PGS. In this letter, Travelers also cited U.S. Silica's failure to comply with the policies' assistance and cooperation clause and notice provision.[2]

In April 2012, the circuit court lifted the stay, and, in August 2013, the circuit court denied both parties' motions for summary judgment. A jury trial was held in September 2013, resulting in a jury verdict in favor of U.S. Silica. As noted in the circuit court's October 15, 2013, "Order of Judgment," the jury found as follows:

> **Question No. 1:** Do you find that Travelers breached its insurance policies when it refused to pay U.S. Silica's claims for insurance coverage for the silica lawsuits?

---

[2]By this letter, Travelers agreed to provide a defense to U.S. Silica for post-2010 silica claims; however, coverage for those claims is not at issue herein.

$$\checkmark \qquad \underline{\phantom{XXXX}}$$
YES                         NO

**Question No. 2:**     If "YES" to Question No. 1, what amount of damages does Travelers owe to U.S. Silica as a result?

$ 8,037,745.00

Following this adverse judgment, Travelers filed a motion to alter or amend the judgment or for a new trial. By order entered March 5, 2014, the circuit court denied Travelers' post-trial motions, granted U.S. Silica's request for attorney's fees and expenses, and awarded U.S. Silica prejudgment interest on the jury's verdict and its award of attorney's fees. From these unfavorable rulings, Travelers appeals to this Court.

## II.

## STANDARD OF REVIEW

Travelers filed post-trial motions for judgment as a matter of law or, in the alternative, for a new trial, pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure.[3] We previously have held that "[t]he appellate standard of review for an order

---

[3]West Virginia Rule of Civil Procedure 50(b) provides:

*Renewal of motion for judgment after trial; alternative motion for new trial.* — If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal

(continued...)

5

granting or denying a renewed motion for a judgment as a matter of law after trial pursuant

to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo*." Syl. pt. 1,

*Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009). Furthermore,

> [w]hen this Court reviews a trial court's order granting or denying a renewed motion for judgment as a matter of law after trial under Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998], it is not the task of this Court to review the facts to determine how it would have ruled on the evidence presented. Instead, its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, when considering a ruling on a renewed motion for judgment as a matter of law after trial, the evidence must be viewed in the light most favorable to the nonmoving party.

Syl. pt. 2, *Fredeking*, 224 W. Va. 1, 680 S.E.2d 16.

With respect to a circuit court's ruling denying a party's motion for a new trial,

---

[3](...continued)
questions raised by the motion. The movant may renew the request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

> (1) If a verdict was returned:
> (A) allow the judgment to stand,
> (B) order a new trial, or
> (C) direct entry of judgment as a matter of law; or
> (2) if no verdict was returned:
> (A) order a new trial, or
> (B) direct entry of judgment as a matter of law.

6

we have held that,

> [a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

Syl. pt. 2, *Sanders v. Georgia-Pacific Corp.*, 159 W. Va, 621, 225 S.E.2d 218 (1976).

Therefore,

> [t]his Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 1, *Burke-Parsons-Bowlby Corp. v. Rice*, 230 W. Va. 105, 736 S.E.2d 338 (2012).

Finally, with respect to rulings regarding the proper interpretation of a policy of insurance, we have held that "[t]he interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination that, like a lower court's grant of summary judgment, shall be reviewed *de novo* on appeal." Syl. pt. 2, *Riffe v. Home Finders Assocs., Inc.*, 205 W. Va. 216, 517 S.E.2d 313 (1999). *See also* Syl. pt. 1, *Tennant v. Smallwood*, 211 W. Va. 703, 568 S.E.2d 10 (2002) ("Determination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law.").

Guided by these standards, we proceed to consider the errors assigned by the

parties.

# III.

# DISCUSSION

On appeal to this Court, Travelers argues that the circuit court committed numerous errors in upholding the jury's verdict and in rendering its various rulings.[4]  We find dispositive, however, Travelers' assignment of error regarding notice.  Each of the three Travelers policies of insurance at issue herein contained a notice provision requiring the insured, *i.e.*, U.S. Silica and/or its predecessor(s), to notify its insurer, *i.e.*, Travelers, as follows:

> If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

With respect to this type of notice provision, we previously have observed, and now

---

[4]Specifically, Travelers raises seven assignments of error in the instant appeal: (1) the circuit court erred by finding that the subject insurance policies' assistance and cooperation clause did not preclude coverage for the expenses incurred by U.S. Silica; (2) the circuit court erred by ruling that U.S. Silica's failure to provide immediate notice of claims as required by the subject policies' notice provision did not preclude coverage; (3) the circuit court erroneously instructed the jury; (4) the circuit court erred by applying a joint and several allocation to U.S. Silica's claims rather than a pro rata allocation; (5) the circuit court erred by awarding U.S. Silica prejudgment interest; (6) the circuit court erred by awarding U.S. Silica attorney's fees, some of which were incurred in litigation other than in the case *sub judice*; and (7) the circuit court failed to correct the jury's erroneous verdict through remittitur.

8

expressly hold, that "[t]he satisfaction of the notice provision in an insurance policy is a condition precedent to coverage for the policyholder." *Colonial Ins. Co. v. Barrett*, 208 W. Va. 706, 711, 542 S.E.2d 869, 874 (2000) (citations omitted). *Accord* Syl. pt. 1, *Maynard v. National Fire Ins. Co. of Hartford*, 147 W. Va. 539, 129 S.E.2d 443 (1963) ("The furnishing of a preliminary proof of loss as required by the conditions of a fire insurance policy is a condition precedent to any right of action by the insured thereon and, unless proof of loss is waived, an action on the policy does not accrue to the insured until after such proof of loss has been furnished."), *overruled on other grounds by Smithson v. United States Fid. & Guar. Co.*, 186 W. Va. 195, 411 S.E.2d 850 (1991); Syl. pt. 5, in part, *Adkins v. Globe Fire Ins. Co.*, 45 W. Va. 384, 32 S.E. 194 (1898) ("The furnishing of such proof [of loss] is a precedent condition to action of recovery if not waived, and the plaintiff carries the burden of showing that such proof was furnished[.]"). *See also Didion v. Auto-Owners Ins. Co.*, 999 N.E.2d 108, 113 (Ind. Ct. App. 2013) ("The duty to notify an insurance company of potential liability is a condition precedent to the company's liability to its insured." (internal quotations and citations omitted)); *Vale v. Vermont Mut. Ins. Grp.*, 977 N.Y.S.2d 117, 119, 112 A.D.3d 1011, 1012 (2013) ("Where a policy of liability insurance requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time. The insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract." (internal quotations and citations omitted)). Given that compliance with such

a notice provision is a condition precedent to the existence of coverage under the subject policy, resolution of the notice issue necessarily determines the outcome of the instant declaratory judgment proceeding. In other words, if U.S. Silica failed to comply with the subject notice provision, such lack of notice is a bar to coverage, and Travelers has no duty to provide insurance for the losses claimed by U.S. Silica. However, if U.S. Silica properly notified Travelers of its claims for which it seeks coverage, Travelers would be required to provide the requested insurance unless another policy exclusion operates to preclude coverage.

During the proceedings below, the circuit court concluded that the evidence was sufficient to allow the jury to determine whether U.S. Silica had failed to notify Travelers of its claims as required by the governing policy provisions and/or whether Travelers had breached its duty to provide coverage to U.S. Silica. Before this Court, Travelers contends that U.S. Silica's delay in providing notice of its claims was unreasonable, and, further, that Travelers was prejudiced by the late notice. U.S. Silica responds that the notice of its claims that it provided to Travelers was timely and did not prejudice Travelers.

The pivotal issue in this assignment of error is whether U.S. Silica complied with the notice provision in its policies of insurance when it requested Travelers to provide

10

coverage for silica claims on September 20, 2005, by way of reimbursement for settlement and defense costs U.S. Silica had incurred before that date. We previously have held that "[t]he interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination." Syl. pt. 2, *Riffe v. Home Finders Assocs., Inc.*, 205 W. Va. 216, 517 S.E.2d 313. Moreover, "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. pt. 1, *Soliva v. Shand, Morahan & Co., Inc.,* 176 W. Va. 430, 345 S.E.2d 33 (1986), *overruled on other grounds by National Mut. Ins. Co. v. McMahon & Sons, Inc.,* 177 W. Va. 734, 356 S.E.2d 488 (1987), *overruled on other grounds by Potesta v. United States Fid. & Guar. Co.,* 202 W. Va. 308, 504 S.E.2d 135 (1998). Thus, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl., *Keffer v. Prudential Ins. Co. of Am.,* 153 W. Va. 813, 172 S.E.2d 714 (1970). *But see* Syl. pt. 4, *McMahon & Sons, Inc.*, 177 W. Va. 734, 356 S.E.2d 488 ("It is well settled law in West Virginia that ambiguous terms in insurance contracts are to be strictly construed against the insurance company and in favor of the insured."), *overruled on other grounds by Potesta*, 202 W. Va. 308, 504 S.E.2d 135. Finally, "[a]n insurance policy should never be interpreted so as to create an absurd result, but instead should receive a reasonable interpretation, consistent with the intent of the parties." Syl. pt. 2, *D'Annunzio v. Security–Connecticut Life Ins. Co.,* 186 W. Va. 39, 410 S.E.2d 275 (1991).

11

The policies' notice provision at issue herein succinctly provides that,

> [i]f claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

Having previously considered similar policy language, we have adopted the following test to determine whether late notice of a claim forecloses insurance coverage:

> In cases which involve liability claims against an insurer, several factors must be considered before the Court can determine if the delay in notifying the insurance company will bar the claim against the insurer. The length of the delay in notifying the insurer must be considered along with the reasonableness of the delay. If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim. If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy and the insured barred from making a claim against the insurance company. If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify.

Syl. pt. 2, *Dairyland Ins. Co. v. Voshel*, 189 W. Va. 121, 428 S.E.2d 542 (1993). Thus, it is apparent that a two-step inquiry determines whether late notice precludes coverage. First, we must consider the length of the delay and whether the delay was reasonable. If the delay was not reasonable, the inquiry ends, and coverage will be foreclosed. However, if the delay was reasonable, then the burden shifts to the insurer under the second part of the analysis. If the insurer can demonstrate prejudice from the late notice, coverage is precluded. If the insurer cannot show that it was prejudiced by the late notice of its insured's claim, though,

12

coverage is not barred by the insured's failure to provide timely notice.

Under the specific facts of the case *sub judice*, it is impossible to calculate the precise length of U.S. Silica's delay in notifying Travelers of the claims for which it seeks coverage. It is undisputed that U.S. Silica first requested coverage from Travelers on September 20, 2005, for silica claims that it previously had defended and settled before this date.[5] However, given that the plain language employed by the notice provision requires an insured to "immediately forward to the company every demand, notice, summons or other process received by him or his representative," it appears that the delay is even more substantial than that suggested by Travelers. In its brief to this Court, Travelers complains that over three years elapsed between the time that U.S. Silica first demanded coverage, on September 20, 2005, and the date upon which U.S. Silica provided the complaints for such claims to Travelers, *i.e.*, September 24, 2008. However, these are not the operative dates contemplated by the pertinent policy language. Rather, notice is required to be provided when the insured, *i.e.*, U.S. Silica, received a "demand, notice, summons or other process" in the silica claims for which it now seeks coverage. Therefore, U.S. Silica, or its

---

[5]In fact, the jury's $8,037,745 verdict in favor of U.S. Silica is comprised of these settlement and defense costs that U.S. Silica had incurred before it ever notified Travelers of these claims or requested coverage therefor. We note that this fact pattern is entirely different than when an insured properly notifies his/her insurer of a claim, and the insurer thereafter fails or outright refuses to provide coverage or a defense to its insured. *See, e.g.*, *State Farm Fire & Cas. Co. v. Scott*, 236 Va. 116, 372 S.E.2d 383 (1988); *Colonial Ins. Co. v. Barrett*, 208 W. Va. 706, 542 S.E.2d 869 (2000).

predecessor, was required to notify Travelers of such claims when it first received them, which, as supported by the record evidence in this case, occurred as early as 1975 and continued through the date that U.S. Silica first contacted Travelers in 2005. Thus, with respect to some of these claims, it is apparent that approximately *thirty years* elapsed between U.S. Silica's receipt of the silica claims, which sought damages for injuries allegedly caused by silica exposure, and U.S. Silica's notice to Travelers of the silica claims' existence. It is difficult to fathom how such a substantial delay in providing notice could be perceived as reasonable.

Nevertheless, our prior cases also have concluded that such a determination of reasonableness is a question of fact for the jury. *See, e.g.*, *Colonial Ins. Co. v. Barrett*, 208 W. Va. at 712, 542 S.E.2d at 875 ("The question of whether an insurance company was notified within a reasonable time period is, generally, a question for the finder of fact." (citations omitted)); *State Auto. Mut. Ins. Co. v. Youler*, 183 W. Va. 556, 561, 396 S.E.2d 737, 742 (1990) ("Generally, whether notice has been given to an automobile insurer within a reasonable period of time is an issue to be resolved by the fact finder." (citations omitted)). Although the issue of reasonableness is typically a jury question, where, as here, the length of the delay is substantial or the proffered reason for the delayed notice is simply untenable, reasonableness "may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the [delay] was unreasonable or in bad

faith." *Vale v. Vermont Mut. Ins. Grp.*, 977 N.Y.S.2d 117, 120, 112 A.D.3d 1011, 1013 (2013) (internal quotations and citations omitted). *Accord* Syl. pt. 2, *Milam v. The Equitable Life Assurance Soc'y of the United States*, 117 W. Va. 77, 183 S.E. 865 (1936) ("What is a reasonable time for presenting proof of claim is a question of law when the facts are undisputed and the inferences certain."). *See also Didion v. Auto-Owners Ins. Co.*, 999 N.E.2d 108, 113 (Ind. Ct. App. 2013) ("When the facts of the case are not in dispute, what constitutes reasonable notice is a question of law for the court to decide." (internal quotations and citations omitted)). While we do not intend to change the customary determination of reasonableness by the fact finder, it is appropriate, given the undisputed and egregious facts giving rise to the subject claims and the sophisticated nature of the parties involved in this proceeding, for this Court to consider whether the condition precedent to coverage, *i.e.*, notice, has been satisfied in order to ascertain the extent of coverage provided by the subject Travelers policies. *See* Syl. pt. 1, *Tennant*, 211 W. Va. 703, 568 S.E.2d 10 ("Determination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law.").

Throughout these proceedings, U.S. Silica repeatedly has explained that it failed to provide timely notice to Travelers because it simply did not know that it had policies of insurance that would have provided coverage for the defense and settlement costs it incurred in the silica claims. U.S. Silica also contends that, despite repeated due diligence

15

inquiries conducted in conjunction with its several changes of ownership, the subject

Travelers policies were not discovered—until U.S. Silica searched its own insurance files

upon the expiration of the ITT indemnity agreement in September 2005. An insured's lack

of knowledge of its *own policies of insurance* does not, however, provide reasonable grounds

to justify its late provision of notice to its insurer. In other words,

> a lack of knowledge of an insurance policy does not excuse a delay in notification of an occurrence. It is true that "delay . . . may be excused if there was a justifiable lack of knowledge of coverage." *Scala v. Scala*, 19 A.D.2d 559[, 559], 241 N.Y.S.2d 23, 24 (1963). A justifiable lack of knowledge of coverage, however, is to be distinguished from a lack of knowledge of the existence of a policy. Notice of the content of coverage is within the control of an insurer, and it will thus generally bear some of the responsibility for an insured's lack of knowledge of coverage. *See, e.g., Padavan v. Clemente,* 43 A.D.2d 729[, 729], 350 N.Y.S.2d 694, 696 (1973) (insurance company's failure to explain coverage provision of policy to insured led to finding that insured's seven-month delay in giving notice was excusable). An insurer has no power over an insured's retention of a policy, however, and bears none of the responsibility for an insured's loss of a policy. That being the case, we believe that it is the responsibility of the insured, not the insurance company, to keep track of which carriers have provided it with liability insurance. Although toxic torts may expose insurers to liability founded on acts that occurred decades before and cause their loss reserves to be inadequate, we see no reason to increase that burden by allowing insureds to give late notice because they *lost* the relevant policies.

*Olin Corp. v. Insurance Co. of N. Am.*, 966 F.2d 718, 724-25 (2d Cir. 1992) (emphasis

added). *Accord* Syl. pt. 6, *Munson v. German-Ins. Co.*, 55 W. Va. 423, 47 S.E. 160 (1904)

("Loss of a policy of fire insurance will not excuse compliance with the imperative

16

requirements of the policy as to notice and proof of loss."). *See also Aetna Cas. & Sur. Co. v. Lumbermens Mut. Cas. Co.*, 598 N.Y.S.2d 924, 926, 157 Misc. 2d 886, 888 (Sup. Ct. 1993) ("In the matter at bar it is no excuse that [the insured] belatedly discovered it had a policy covering the loss issued by Lumbermens, especially when the discovery took place two and one half years after the event. The court cannot accept the excuse that an insured, who claims the benefits of an insurance policy, did not know for more than two and one half years that such a policy existed. The insurance company is severely prejudiced by this delay. It would be difficult, at this stage, to make the kind of investigation that it could have made . . . when the loss occurred. Without such timely notice, Lumbermens has been deprived of the opportunity to investigate the claim[.]"); *Melnick v. American Cas. Co. of Reading*, 192 Pa. Super. 116, 116, 159 A.2d 744, 746 (1960) ("The averment that the policy was lost or misplaced and its existence unknown to the plaintiff does not operate to relieve the plaintiff of his obligations under the policy[.]" (citations omitted)). Thus, an insured's loss of its own insurance policy, or its failure to thoroughly search its own files to ascertain whether it might have a policy of insurance that provides coverage for a particular loss, does not excuse the insured of its duty to notify its insurer of claims for which it seeks coverage, particularly when such notice is a condition precedent to coverage.

In the case *sub judice*, we conclude that U.S. Silica has failed to demonstrate that its explanation for its significant delay in notifying Travelers of the silica claims was

reasonable—both because the delay was substantial and because its proffered reason to excuse its delay, *i.e.*, that it was unaware of the subject policies, is not reasonable. Absent a demonstration of reasonableness, the burden does not shift to the insurer to prove that it was prejudiced by the delayed notice, and the inquiry necessarily ends with a finding that coverage is precluded by the insured's failure to comply with the policy's notice provision. *See* Syl. pt. 2, *Voshel*, 189 W. Va. 121, 428 S.E.2d 542. Accordingly, we find that U.S. Silica is not entitled to coverage under the subject Travelers policies and, therefore, reverse the circuit court's contrary ruling.[6] We further remand this case to the circuit court with directions to enter an order granting Travelers' post-trial motion for judgment as a matter of law.

---

[6]Insofar as resolution of notice is dispositive, we need not address the remaining assignments of error.

18

## IV.

## CONCLUSION

For the foregoing reasons, we hereby reverse the March 5, 2014, order of the Circuit Court of Morgan County and remand this case for entry of an order granting Travelers' post-trial motion for judgment as a matter of law.

Reversed and Remanded.