# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Clarendon National Insurance Company,**
**Defendant Below, Petitioner**

**vs) No. 16-0562** (McDowell County 05-C-50(S))

**Peggy Marushia, Administratrix of the Estate of Cecil**
**Martin Franklin**
**Plaintiff Below, Respondent**

**and**

**County Commission of McDowell County**
**Defendant Below, Respondent**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clarendon National Insurance Company ("Clarendon"), by counsel Timothy W. Stalker and Robert C. James, appeals the May 20, 2016, order of the Circuit Court of McDowell County awarding summary judgment to Respondent Peggy Marushia, Administratrix of the Estate of Cecil Franklin Martin. Respondent Marushia, by counsel Jeffry Pritt, filed a response in support of the circuit court's order.[1] Petitioner filed a reply. Petitioner argues that the circuit court erred in granting summary judgment to Respondent Marushia as the delay in its receipt of notice of Respondent Marushia's claims was unreasonable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court erred with respect to its award of Respondent Marushia's motion for summary judgment. For these reasons, a memorandum decision reversing the circuit court's May 20, 2016, order is appropriate under "limited circumstances" of Rule 21(d) of the Rules of Appellate Procedure.

Respondent Marushia's underlying claims arise from a March 1, 2003, incident wherein Cecil Martin Franklin ("her decedent") was discovered, by a McDowell County Deputy Sheriff, in the middle of a public roadway in an "intoxicated condition." Respondent Marushia alleged that the deputy picked up her decedent and drove him to the residence of a third-party. Shortly thereafter, her decedent was struck and killed by a train. On February 28, 2005, Respondent Marushia filed, in the Circuit Court of McDowell County, a lawsuit against the Commission

---

[1] Respondent County Commission of McDowell County has not made an appearance in this appeal.

1

alleging that the deputy acted negligently in failing to take her decedent into custody or transporting him to a judicial officer or medical facility upon discovering him in the roadway.

At the time of the underlying incident, the Commission was insured under a policy of insurance issued by petitioner. Initially, the Commission defended and prepared the case for trial, which was set for December 10, 2007.[2] The trial was continued and, on October 19, 2009, respondent filed an amended complaint, which included a declaratory judgment action against petitioner. Petitioner was not served with a copy of the amended complaint and contends that it had no knowledge of Respondent Marushia's claims against the Commission until October of 2012.[3] On December 9, 2013, petitioner filed an answer to the amended complaint, which included affirmative defenses and cross-claims against both Respondent Marushia and the Commission.

Subsequently, on November 25, 2014, petitioner filed a motion for summary judgment and argued that the applicable policy of insurance provided no coverage to the Commission for Respondent Marushia's claims because the Commission failed to comply with the conditions of its policy with petitioner. Specifically, petitioner argued that the Commission failed to comply with the policy's notice requirement, which necessitated "notification by the insured immediately" of any claims against it.[4] Petitioner argued that as it did not learn of the underlying claims until nine years following the underlying incident, the delay in providing notice was unreasonable and prejudiced petitioner in that it did not have an opportunity to investigate the claims and/or otherwise provide for a defense.

On November 28, 2014, Respondent Marushia also filed a motion for summary judgment as to her claims against petitioner and argued that petitioner had a duty to defend and indemnify

---

[2] Prior to petitioner receiving notice of the claims herein, the Commission assigned its own counsel and participated in discovery below. Respondent Marushia contends that the Commission did not have notice of her underlying claims against it, until her complaint was served on the Commission in June of 2005, two years and three months after the incident.

[3] Petitioner claims it first received notice of the claims at issue via an October of 2012, letter from Respondent Marushia's counsel. The parties do not dispute that the Commission failed to submit a notice of claim to petitioner related to the underlying accident or otherwise notify petitioner of the resultant litigation, as it was required to do under the applicable insurance policy. Respondent Marushia alleges that she served the amended complaint upon petitioner through the Secretary of State's Office on February 1, 2010, but notes that the summons and amended complaint were returned on February 18, 2010, and marked "Not Deliverable as Addressed." Service was again attempted, but the summons and amended complaint were again returned as undeliverable and unable to forward.

[4] The policy required that "[i]f a 'claim' is made or a 'suit'" is brought against the insured, the insured will immediately forward to us every demand, notice, summons or other process received by them or their representative."

2

the Commission as to her claims.[5] A hearing on motions for summary judgment was held on March 31, 2015. At the conclusion of this hearing, the circuit court awarded summary judgment to Respondent Marushia as to the coverage issues. Respondent Marushia's counsel was directed to prepare the appropriate order, which was not sent to petitioner's counsel until the morning of March 29, 2016, more than a year after the hearing.

On or about March 30, 2016, petitioner filed a motion to dismiss respondent's claims, pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure, for inactivity. A hearing on petitioner's motion to dismiss was held on May 12, 2016. On May 20, 2016, the circuit court denied petitioner's motion to dismiss, finding that "the harshness of a dismissal is inappropriate for this matter." That same day, the circuit court entered a separate order denying petitioner's motion for summary judgment and granting Respondent Marushia's motion for summary judgment (as to its claims for declaratory judgment against petitioner). The circuit court found that petitioner had a duty to defend and indemnify the Commission in the instant action. The circuit court ruled that petitioner did not suffer "an actual prejudice by the delay in receiving notice of the claim filed against the Commission and that the said delay is not otherwise unreasonable under the facts and circumstances of this case." It is from the circuit court's May 20, 2016, orders that petitioner now appeals.

On appeal, petitioner asserts three assignments of error. First, petitioner argues that the circuit court erred in granting Respondent Marushia's motion for summary judgment where the Commission's late notice to petitioner was not reasonable as a matter of law. Second, petitioner contends that the circuit court erred in granting Respondent Marushia's motion for summary judgment when there was clear and undisputed prejudice to petitioner. Third, petitioner alleges that the circuit court erred in refusing to dismiss Respondent Marushia's claims pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure.

We have long held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192, W. Va. 189, 451 S.E.2d 755 (1994). In addressing motions for summary judgment, we have found that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.*, 148 W. Va. 160, 133 S.E.2d 770 (1963). As we have noted, "'[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper.'" *Conrad v. ARA Szabo*, 198 W. Va. 362, 374, 480 S.E.2d 801, 813 (1996) (quoting *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2nd Cir.1994)).

In addressing motions to dismiss made pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure, we review a circuit court's ruling under an abuse of discretion standard. *See Caruso v. Pearce*, 223 W. Va. 544, 678 S.E.2d 50 (2009). "Only where we are left with a firm

---

[5] The Commission joined in Respondent Marushia's motion for summary judgment. However, the Commission did not respond to petitioner's motion or any motion by any party related to insurance coverage.

conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling." *Covington v. Smith*, 213 W. Va. 309, 322, 582 S.E.2d 756, 769 (2003). It is with these principles in mind, that we address petitioner's assignments of error.

In its first assignment of error, petitioner contends that the circuit court erred in considering prejudice when the law clearly provides that where a delay is not reasonable, there is no coverage and the inquiry ends. *See* Syl. Pts. 1 and 2, *Travelers Indem. Co. v. U.S. Silica Co.*, 237 W. Va. 540, 788 S.E.2d 286 (2015). Here, petitioner argues that the Commission's failure to provide petitioner notice of Respondent Marushia's claims or any explanation for the failure to provide such notice was dispositive of Respondent Marushia's declaratory judgment claims against petitioner.[6] Based upon our review of the record herein, we concur.

In syllabus point one of *Travelers*, this Court ruled that "[t]he satisfaction of the notice provision in an insurance policy is a condition precedent to coverage for the policyholder." *Id.*, 237 at 542, 788 S.E.2d at 288. We further held, that

> "[i]n cases which involve liability claims against an insurer, several factors must be considered before the Court can determine if the delay in notifying the insurance company will bar the claim against the insurer. The length of the delay in notifying the insurer must be considered along with the reasonableness of the delay. If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim. If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy and the insured barred from making a claim against the insurance company. If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify." Syllabus point 2, *Dairyland Insurance Co. v. Voshel*, 189 W.Va. 121, 428 S.E.2d 542 (1993).

Syl. Pt. 2, *Travelers*.

In the case sub judice, given the explicit language of the insurance policy requiring immediate notice of a "demand, notice, summons . . . of a claim or suit against the insured", the Commission's failure to provide said notice or an explanation as to the reason for failing to provide said notice, we find that the circuit court erred in granting summary judgment to Respondent Marushia. Further, given our holding in syllabus points one and two of *Travelers,* and the specific facts and circumstances of this case, we find that the circuit court erred in failing to award summary judgment to petitioner. Here, Respondent Marushia's claims against the Commission arose in 2003 and were the subject of Respondent Marushia's underlying action filed against the Commission in 2005. However, petitioner did not receive notice of Respondent Marushia's claims until October of 2012, nine years following the accident. As "satisfaction of

---

[6] Petitioner argues that because there was no evidence proffered by the Commission to argue that its delay in providing petitioner notice of Respondent Marushia's claims was reasonable, the circuit court's analysis of prejudice was premature.

4

the notice provision in an insurance policy is a condition precedent to coverage for the policyholder", and as no such notice was herein provided to petitioner, an award of summary judgment in favor of petitioner was proper. Because we find dispositive petitioner's assignment of error regarding notice, it is not necessary to address petitioner's remaining assignments of error.

For the foregoing reasons, we reverse the circuit court's May 20, 2016, order and remand this case with directions to award summary judgment in favor of petitioner and dismiss respondents' claims against petitioner.

Reversed and remanded, with directions.

**ISSUED:** June 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker